## THE BURLINGTON & MISSOURI RIVER RAILROAD COMPANY v. SPEARMAN AND THE CITY OF MOUNT PLEASANT.

1. CITY LIMITS OF MOUNT PLEASANT. The depot grounds of the plaintiff, being used for business purposes, and bounded in part by the streets of the city of Mount Pleasant, though not a part of any addition, or a sub-division of an addition to said city, and though not laid out in the map referred to in section 1 of the act incorporating said city, (Chap. 15, Laws of the Extra Session of 1856,) are within the limits of said corporation and are subject to taxes for the improvement of its streets and sidewalks.

2. CASES CITED. The cases of *Morford* v. *Unger*, 8 Iowa 92; and *The City of Covington* v. *Southgate*, 15 B. Monr., establish a rule applicable to agricultural lands embraced within the limits of a city, and do not control the question presented in this case.

3. IMPROVEMENTS IN CITIES. A council of an incorporated city may, under a general power to cause the streets thereof to be "paved, graded or macadamized," cause side-walks of plank, or other material, in its discretion, to be constructed.

4. VAGUE DESCRIPTION. That property advertised for sale for the payment of taxes accrued thereon, is so vaguely and indefinitely

described in the notice of sale, that a purchaser thereof could take no perfect title, does not constitute sufficient cause for enjoining the sale.

5. TAXATION: PROPERTY OF A RAILROAD COMPANY NOT EXEMPT. The property of a railroad company is not exempt from taxation in this State; and grounds held by a company, subject to the condition that they shall be used for depot purposes, are subject to taxation as the property of such company.

*Appeal from Henry District Court.*

THURSDAY, JUNE 19.

THE material facts are stated in the opinion of the Court:

*D. Rorer* for the appellant, contended:

1. That the depot grounds of the Burlington & Missouri River Railroad Company, at Mount Pleasant, do not constitute a part of the City of Mount Pleasant; Laws of 1850, p. 195, 198; Laws of 1853, p. 39; Laws of 1855, p. 136; Laws of 1855, (special session) p. 18. 2. That as the City Council have power to assess taxes on *lots* for the improvement of streets, and as such power must be strictly construed and exercised, the assessment upon these grounds, which were not laid out into lots, was invalid; *City of Covington* v. *Southgate,* 14 B. Monr., 491; *Morford* v. *Unger,* 8 Iowa, 82; *Kyle* v. *Malin,* 8 Ind., 34; 2 Kent, 331; *The People* v. *The Mayor of Brooklyn,* 6 Barb., 209; *The People* v. *The Mayor and Council,* 9 Ib., 536; *Jorden* v. *Hunt,* 3 Barb., 275. 3. That under the advertisement in this case, no sale would be valid; it is too vague, and a sale under it might cloud, but could not confer a title; *Raymond* v. *Longworth,* 14 How., (U. S.) 75; *Styles* v. *Weir, et al.,* 26 Miss., 189; *Culbertson* v. *The City of Cincinnati,* 16 Ohio, 574; *Burnett* v. *The Corporation of Cincinnati,* 3 Ib., 73; *Jonas* v. *The City of Cincinnati,* 18 Ib., 318; *Belknap* v. *Belknap,* 2 John., Ch. R. 463; *Mohawk & Hudson River Railroad Company* v. *Archer,* 5 Paige, 83. 4. That the

railroad is a public highway, held by the company in trust for the public, and the road.bed and depot grounds are no more taxable as land, and are no more liable to such assessments, than are county grounds occupied for public purposes; *Louisville, Cincinnati & Charleston Railroad Company* v. *Chappell*, 1 Rice, (S. C.) R. 383–400; *The State* v. *Reeves*, 5 Ind., 297; *Beekman* v. *Saratoga & Schenectady Railroad Company*, 3 Paige Ch., R. 45; 8 Am. Law. Reg., 129; *Bonaparte* v. *The Camden & Amboy Railroad Company*, 1 Baldwin C. C. R. 205; *The King* v. *Severn & Wye Railway Company*, 2 B. & Ald., 645, (1 Eng. Railway Cases) 542; *Westchester Gas Company* v. *Chester County*, 30 Penn., R. (6 Casey) 232. 5. That the depot lands are dedicated to a particular purpose; have become a part of a structure whose only value is represented by stock which is owned by individuals, and not by the company, and which, like other property, is rightly taxable by its value; 2 Kent, 331, 332; Code of 1851, § 462; Laws of 1858, § 7, p. 308; *Quimby* v. *The Vermont Central Railroad Company*, 23 Verm. 387; *The State* v. *Evans*, 2 Scam. 309; *Blake* v. *Rich*, 34 N. H., 282.

*Cook & Doolittle* for the appellees.

BALDWIN, J.—The complainant, by bill in equity, enjoined the respondent Spearman, as the City Collector of Mount Pleasant, from proceeding to sell certain real estate, used by the complainant as depot grounds, to satisfy a tax levied thereon by said city, for the purpose of constructing a sidewalk adjoining the said property. The cause being heard upon bill and answer, the temporary injunction was dissolved by the District Court. From this order the complainant appeals.

I. It is maintained by appellant that the property advertised for sale and taxed for the purpose of building said side-walk, is not within the corporate limits, and therefore

not subject to the jurisdiction of said city; and no authority was conferred upon said city to levy the tax the marshal was about to collect.

In order to support this view, it is claimed that by the act of the Legislature, approved July 16th, 1856, (Chapter 15) incorporating said city, in defining the boundaries thereof, it was intended to embrace in said city limits, only those additions that were laid out and sub-divided into streets and alleys and lots; 'that the grounds of complainant were not so sub-divided, and hence they were not within the corporate limits. By section first of said act, it is enacted "that all those tracts of land lying in township seventy-one, north range six west, in the county of Henry, as set forth and plated on a map published A. D. 1856, by McBride, Wait & Co.; and such other additions as are now or hereafter made, shall be the limits of the boundaries of said city." A copy of said map is attached to the pleadings, and is conceded by the parties to be a correct copy of the one referred to in this act of the Legislature.

While it cannot be said that the property of complainant is a part of any addition of said city, or any sub-division thereof, or that it is designated on said map as a lot, yet it manifestly appears that the property used for depot purposes is embraced within the city limits as defined by said act of the Legislature. The ground about to be sold by the defendant was conveyed by Thompson and wife to complainant for depot purposes, and is described in the deed as two hundred and seventy-five feet in width, and *partially bounded by the streets of said city.* It is a small piece of ground, or a lot, within the proper meaning of this word when applied to cities.

The cases of the city of *Covington* v. *Southgate*, 15 B. Monroe, and *Morford* v. *Unger*, 8 Iowa, 82, are cited by the appellant in support of the position, that where grounds are, by an act of the Legislature, embraced within the limits of a city, yet if not divided into lots, or laid out and

platted as an addition, it is not subject to taxation for city purposes. There is a manifest distinction between the character of property sought to be taxed in those cases, and that of complainant. In the case of *Morford* v. *Unger*, which is analagous to that of *The City of Covington* v. *Southgate*, the lands embraced within the city were agricultural, used for farming purposes, not contiguous to any streets, alleys or lots, or populous portion of said city; and the lands were taxed by the acre for city purposes. The ground of complainant, upon the contrary, appears to be near the business portion of said city. Streets and alleys surround it, walks are considered by the city authorities necessary to be made by it, and dwelling houses are built near and beyond it, and lots are laid out adjoining thereto.

II. It is further claimed that the city of Mount Pleasant, having only a limited power under its charter to make improvements in its side-walks, could not make such an improvement as was made, and charge the lot owners with the cost thereof. In other words, it is insisted that the charter authorizes the city to cause its streets to be " paved, graded or macadamized," and that the putting down of a plank walk was not contemplated by the statute; that this character of an improvement is merely temporary, an obstruction; "a stretch of constitutional right," and not a pavement, or something permanent.

The character and value of such improvement are matters peculiarly within the discretion of the city authorities, and walks made of plank would perhaps be as permanent and as valuable as if made of brick or stone; and perhaps more practicable, depending somewhat upon the character of the material within reach of the city for such purposes.

III. It is further claimed that the property offered for sale by the said defendant, is too indefinitely described; that a sale under such notice might cloud, but could confer no title upon a purchaser at such sale.

It is true that the description of the land in the advertisement by the said marshal is vague, and perhaps so much so that a sale thereunder could confer no title. We are unable to hold, however, that this a sufficient reason for restraining the sale. If the taxes are justly due, the sale by the marshal, or a cloud upon the title made by such sale, could be easily avoided by a payment of the tax as levied thereon.

IV. The property of a railroad company is not exempt from taxation in this State. The road of complainant is not the "work of the State." The road bed and depot grounds are not "held as an easement of the public, by the company as the agents of the State," as claimed by the appellant. The plaintiff, on the contrary, is a private corporation; the stock is the private property of the stockholders, who, as such, own all the corporate property. It is not a "public highway," in the strict sense of this word. The public, it is true, are provided with a conveyance; the company carry on the business of carriers of freight and passengers, and if persons wish to enjoy the facilities it affords for such purposes, they can do so by paying for them. The company has the right to appropriate the land of private individuals for the purposes of their road, upon paying the owners therefor; but the stockholders, not the State, pay for the easement, and it becomes their property. Under section 3, chapter 152, laws of 1852, all property situated in this State, belonging to any bank or company, incorporated or otherwise, is subject to taxation. The plaintiff has "a property" in the grounds in controversy. They have an unqualified right to it, as long as used for depot purposes. As a company, they have the right to the use and profit of the land the same as an individual; the direct benefits pass to them, and possessing these advantages, we see no good reason why it should not be taxed as the property of individuals.

V. The last point made by the counsel for appellant is, that as the company is a corporation existing for the purposes of a railroad, they are only taxable, if at all, through the shares of the stockholders. The revenue act of 1858, above referred to, provides that the property of corporations constructing railroads shall be taxable through the shares of the stockholders.

This provision relates exclusively to the character of taxes in that particular act provided for, to wit: the State, County, and School tax. . No reference is made to taxes for municipal purposes.

By § 15 of the act of 1856, under which said city was incorporated, it is provided that the City Council "shall have power and authority to levy and collect taxes upon all taxable property, real, personal, and mixed, within the city. Under section 16, the City Council has control of the streets and alleys of said city; may cause sidewalks to be paved or repaired, and to that end may require the owners of lots adjoining to which it is to be done, to pave, repair, &c., or the same may be done by the city, and the expense assessed on the owners of contiguous lots, which shall have the effect of a special tax levied on their property, and the same may be sold by the collector, &c.

The provisions of these acts are not inconsistent, nor do they conflict with each other. The act of 1858 provides for the assessment and collection of taxes for certain purposes; and the act of 1856 provides for another and different character of taxation. The manner of assessing and collecting taxes of a corporation such as complainant, under the former act, would be impracticable in the assessing and collecting of such taxes for city purposes, especially taxes for the construction of side-walks. Under the act incorporating said city, as above referred to, the Legislature have thought proper to make a tax for this kind of improvement a special lien upon the property where the walk is

made. It is made so for the purpose of giving to the city a speedy and summary remedy for the collection of the costs of such walks, from the property of those supposed to be benefited thereby. When such authority is conferred by the Legislature we see no good reason why the city should not enforce the collection of such taxes.

Affirmed.