The Illinois Central Railroad Company

*v.*

The City of Mattoon.

*Filed at Springfield March 26, 1892.*

Illinois Central Railroad Company—*not exempt from special taxation for local public improvements.* The Illinois Central Railroad Company is not, under and by its charter, exempt from special taxation for local public improvements made by cities and villages.

Appeal from the County Court of Coles county; the Hon. L. C. Henley, Judge, presiding.

Mr. Horace S. Clark, for the appellant:

As to the distinction between special assessments and special taxation, see *Sterling* v. *Galt,* 117 Ill. 11; *Springfield* v. *Green,* 120 id. 269; *White* v. *People,* 94 id. 604; *Galesburg* v. *Searles,* 114 id. 217; *Enos* v. *Springfield,* 113 id. 65.

As to question of exemption, see Cooley's Const. Lim. 127; *Northwestern University* v. *People,* 86 Ill. 141; 9 Otto, 309.

Mr. Emery Andrews, for the appellee:

As to the right to make local public improvements by special taxation of contiguous property, see *Enos* v. *Springfield,* 113 Ill. 65; *Watson* v. *Chicago,* 115 id. 78; *White* v. *People,*

94 id. 607; *Springfield* v. *Green*, 120 id. 269; *Craw* v. *Tolono*, 96 id. 255; *Sterling* v. *Galt*, 117 id. 11; *Railroad Co.* v. *Decatur*, 126 id. 92.

Exemption from taxation does not exempt from special taxation. Cooley's Const. Lim. 393; *Tucker* v. *Ferguson*, 22 Wall. 575; *People* v. *Cemetery Co.* 86 Ill. 336; *Higgins* v. *Chicago*, 18 id. 276; *Chicago* v. *Colby*, 20 id. 614; *Mix* v. *Ross*, 57 id. 121; *Peoria* v. *Kidder*, 26 id. 352; *Wright* v. *Chicago*, 46 id. 44; *Cook County* v. *Chicago*, 103 id. 646; *McLean County* v. *Bloomington*, 106 id. 209; Cooley on Taxation, 146.

Per CURIAM: This is an appeal by the Illinois Central Railroad Company, from a judgment of the County Court of Coles county, confirming a special tax levied by the city of Mattoon, for grading, paving and otherwise improving Broadway, one of the streets of said city. It appears that an ordinance was passed by said city for said street improvement, declaring it to be a local improvement, and providing that it should be paid for by special taxation of the lots, parts of lots, parcels of land and right of way or other grounds of any railroad company, contiguous to and abutting upon said street on both sides thereof, along the line of said improvement, except that the cost of so much thereof as should be made at street or alley intersections should be paid for by general taxation.

The portion of Broadway thus ordered to be improved crosses the right of way of the Illinois Central Railroad Company, said right of way at that point being 200 feet in width, and said crossing is made at such angle as to give said right of way a frontage of 212.72 feet on said street. The amount of special tax assessed upon said right of way was $1097.64 on the frontage on each side of the street, making $2195.28 in all.

It appears by the stipulation of the parties that said railroad company acquired its title to its said right of way under the

act entitled, "An Act to incorporate the Illinois Central Railroad Company," approved February 10, 1851, and from thence has occupied and still does occupy and use the same for railroad purposes, under said act; that the city of Mattoon has been incorporated under the laws of this State since the passage of said act. It is further stipulated that the ordinance providing for said street improvement was legally passed; that the first notice of said assessment given said railroad company was after the appointment of the commissioners but before the return of the assessment roll; that all notices and other requirements of the statute concerning special taxation for local improvements, and the ordinances of said city, were fully complied with.

Said railroad company appeared and filed several objections to the confirmation of the special tax on its right of way, said objections, so far as we deem them material, being an assertion, in various forms, of its claim to exemption from said tax, under and by virtue of the provisions of its said act of incorporation. Said objections were overruled and said tax confirmed, and the correctness of the decision of the court in the matter of said objections is the only question presented by this appeal.

The right of the Illinois Central Railroad Company, under the provisions of its charter, to exemption from special taxation for local improvements was fully considered in *Illinois Central Railroad Co.* v. *City of Decatur*, 126 Ill. 92, and said right was there denied. We find nothing in the present case to distinguish it from that, or calling for the application of any different rule. The majority of the court are disposed to adhere to and reaffirm the conclusions announced in the Decatur case, and under the authority of that case the present judgment must be affirmed.

*Judgment affirmed.*