## The Chicago and Alton Railroad Company

*v.*

## The City of Joliet.

*Filed at Ottawa October 29, 1894.*

1. Public Improvement—*measure of benefit the same in special taxation as in special assessments.* The rule that the measure of benefit conferred by an improvement upon land restricted to a particular use is its increased value for that use, applies as well to special taxation as to special assessments.

2. Same—*property devoted to particular use.* Property permanently devoted to a particular use may be specially taxed for a public improvement to the extent it is benefited by the improvement for such restricted use.

3. Same—*railway property may be specially taxed.* A railway contiguous to a proposed street improvement may be specially taxed for the making of such improvement.

4. Same—*council's determination of benefits conclusive.* The determination of a city council of the benefits to property subject to special taxation for a local improvement is presumed to be reasonably made, and is conclusive upon the courts.

5. Same—*sec. 17 of art. 9 construed.* Section 17 of article 9 of the City and Village act, which provides that a special tax for local improvement shall be made in the mode provided by sections 18-51

of said article for making special assessments, does not entitle the property owner to have benefits in a proceeding for special taxation determined by a jury.

6. SAME—*special taxation not an exercise of eminent domain.* Special taxation of contiguous property and special assessments for local improvements are branches of the taxing power, and not an exercise of the power of eminent domain, within the meaning of section 13, article 2, of the constitution, which requires that compensation for property taken or damaged for public use shall be ascertained by a jury.

7. SAME—*taxation in proportion to frontage, constitutional.* An ordinance which requires the cost of a street improvement to be assessed upon abutting property in proportion to its frontage is not in violation of the spirit of the constitution.

APPEAL from the County Court of Will county; the Hon. BENJAMIN OLIN, Judge, presiding.

Mr. GEORGE S. HOUSE, for the appellant.

Mr. JOHN W. D'ARCY, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a proceeding by the City of Joliet in the county court of Will County, instituted by direction of the city council under an ordinance providing for the making of a local improvement in Cass Street in said city from Scott Street to Collins Street by constructing therein a triple sewer, and also providing for paying the cost and expense of said improvement by special taxation, and for the levying of the special tax upon the lots and lands contiguous to, abutting and touching upon the part of Cass Street along the line of the improvement, in proportion to the frontage of said lots and lands upon said part of Cass Street thereby ordered to be improved by the construction of the sewer. After the petition was filed in the county court, commissioners were appointed, an assessment roll was returned by said commissioners with proof of notice, etc., and, after due time given for filing objections, the cause was heard including appellant's objec-

tions and evidence in support thereof. The objections were overruled, and judgment was entered confirming the special tax. The present appeal is prosecuted from such judgment.

Many objections to the assessment roll were filed by appellant, but we shall only notice those which are brought to our attention in the argument of counsel.

It is claimed that the ordinance is unreasonable as applied to the property of appellant. The land of appellant, abutting upon or contiguous to the street in which the sewer is to be built, is used for purposes of right of way, and is occupied by two main tracks and switch tracks. It is said, that the improvement cannot be of benefit to the land in question so long as it is devoted to its present use; that any change in the use of the property is not within reasonable contemplation; that the location of a railroad is permanent in character, and the use of its land for right of way amounts substantially to a permanent application thereof to such use; and that the benefits must be determined with reference to the present use of the property. It has been recently held by this Court, that, in a special assessment proceeding, where land is restricted by statute to a particular use and cannot be applied to any other, the true measure of benefit, which an improvement will confer on the land, is its increased value for the special use to which it may by statute be restricted. (*I. C. R. R. Co.* v. *City of Chicago*, 141 Ill. 509). There is no reason why the same rule should not apply to a proceeding by special taxation, as well as to a special assessment proceeding. If it be true, as is contended by counsel, that the land of appellant is here permanently devoted to a particular use, it may yet be true that it will receive a benefit from the improvement for the use to which it is so applied. It does not appear, that the common council of the city, in determining that the land would be benefited, reached that conclusion upon the supposition that it would be benefited for all the uses

to which such land might be adapted independently of its restriction to a particular use. If it was benefited for the purposes of the particular and restricted use thus indicated, the special tax could be levied upon it to the extent of such benefit. Where a railway is contiguous to a proposed street improvement, it falls within the designation of property that may be specially taxed for the making of the local improvement. (*Railway Co.* v. *City of Jacksonville*, 114 Ill. 562; *C. & N. W. Ry. Co.* v. *The People*, 120 id. 104; *Kuehner* v. *City of Freeport*, 143 id. 92; *I. C. R. R. Co.* v. *City of Decatur*, 126 id. 92; *Lightner* v. *City of Peoria*, 150 id. 80; *I. C. R. R. Co.* v. *City of Mattoon*, 141 id. 32).

The common council have determined by the ordinance, that the property contiguous to the street will be benefited to the amount of the burden imposed by the special tax. "In the absence of anything showing to the contrary, it must be presumed that the municipal authority has exercised its discretion reasonably, and required of the railroad companies payment of their just and equal proportion of the cost of the local improvement." (*Lightner* v. *City of Peoria, supra*). Counsel, however, attack the doctrine of this court, that, in cases of special taxation of contiguous property, the determination of the common council is final as to the benefits to the property subject to the tax. We have held in many cases, that special taxation for a local improvement, as well as special assessments of benefits for the same, proceed upon the theory of benefits to the property levied upon; but we have also held in many cases, some of them decided within a very recent period, that in special taxation the benefits are determined by the municipal authority, while in special assessments they are ascertained in the mode prescribed by law. (*Davis* v. *City of Litchfield*, 145 Ill. 313; *Kuehner* v. *City of Freeport*, 143 id. 92; *City of Chicago* v. *Blair*, 149 id. 310; *Lightner* v. *City of Peoria*, 150 id. 80; *City of Bloomington* v. *C. & A. R. R. Co.* 134 id. 451; *English* v. *City of Danville*, 150 id. 92; *I. C. R. R. Co.* v. *City of Decatur*, 126 id. 92). In the

recent case of *Illinois Central Railroad* v. *Decatur*, 147 U. S. 190, the decisions of this Court upon this subject are reviewed; and in deciding, that a provision in a railroad charter exempting its property from taxation did not exempt such property from "special taxation of contiguous property," the Supreme Court of the United States said: "There was nothing in the terms of that contract to prevent the State from committing the final determination of the question of benefits to the city council rather than leaving the matter of ascertainment to a jury. And whether the charges are special taxes or special assessments, and by whatever tribunal or by whatever mode the question of benefits may be determined, the fact remains that the charges are for a local improvement, and cast upon the contiguous property, upon the assumption that it has received a benefit from such improvement, which justifies the charge."

It is urgently insisted, that under section 17 of article 9 of the city and village Act, which provides, that a special tax of contiguous property for a local improvement shall be made and levied in the mode provided for making and levying special assessments, that is to say, in accordance with sections from 18 to 51 inclusive of said article 9—the amount of benefits in a proceeding by special taxation should be ascertained by a jury. This contention is inconsistent with all the decisions above referred to, which hold that the benefits in special taxation are determined by the ordinance of the common council, subject to the qualification that such ordinance is reasonable, and that the determination of the municipal authority, as embodied in it and as seen from an inspection of it, is not arbitrary and unreasonable, but fairly and reasonably made. (*City of Bloomington* v. *C. & A. R. R. Co.* 134 Ill. 451; *City of Bloomington* v. *Latham*, 142 id. 462; *City of Chicago* v. *Blair*, 149 id. 310). It has been held in a number of cases, that the proceedings prescribed by the statute in special assessments are only to

be followed in special taxation, so far as they are applicable, or consistent with the exercise of the power of special taxation. (*Enos* v. *City of Springfield*, 113 Ill. 65; *White* v. *The People*, 94 id. 604; *City of Springfield* v. *Green*, 120 id. 269; *County of Adams* v. *City of Quincy*, 130 id. 566; *Green* v. *City of Springfield*, 130 id. 515; *Kuehner* v. *City of Freeport*, 143 id. 92).

It is further contended by counsel, that the power of special taxation of contiguous property has its source in the power of eminent domain, and that, under section 13 of article 2 of the constitution, compensation for private property taken or damaged for public use, when not made by the State, shall be ascertained by a jury. Under the constitution of 1848 the power to levy and collect special assessments was held to have its source in the constitutional provisions in regard to the right of eminent 'domain. (*The City of Chicago* v. *Larned*, 34 Ill. 203). But it has been held, that, under the present constitution, special taxation of contiguous property and special assessments for local improvements must be regarded as branches of the taxing power. They are regarded as a species of taxation, not as impositions' for the purpose of revenue, but as charges inseparably incident to the location of the property assessed with respect to other property. Special taxes for local improvements, not being levied for revenue to support the government, but being justified only on the ground that the subject of the tax receives an equivalent, are not included in exemptions from general taxation, although they partake of the nature of taxes. (*White* v. *The People*, 94 Ill. 604; *County of Adams* v. *City of Quincy*, 130 id. 566; *City of Bloomington* v. *Latham*, 142 id. 462).

It is also contended, that an ordinance requiring the cost of improving a street to be assessed upon the real estate abutting thereon, in proportion to the frontage of the several parcels of such real estate, is obnoxious, if not to the letter, at least to the spirit of the constitution,

and consequently void.    This question has been repeatedly passed upon by this court adversely to the contention thus made.    (*City of Springfield* v. *Green*, 120 Ill. 269, and cases there cited ; *Wilbur* v. *City of Springfield*, 123 id. 395 ; *County of Adams* v. *City of Quincy, supra; Davis* v. *City of Litchfield*, 145 id. 313).

The remaining objections made by counsel are the same as those which have often heretofore been considered by this Court in the above and other cases, and, therefore, need not be further discussed.

The judgment of the County Court is affirmed.

*Judgment affirmed.*