KANSAS CITY, PITTSBURG & GULF RAILWAY COMPANY *v*. WATERWORKS IMPROVEMENT DISTRICT NO. 1 OF SILOAM SPRINGS.

Opinion delivered October 27, 1900.

1. LOCAL IMPROVEMENT DISTRICTS—BURDEN OF PROOF.—In a suit to enforce a lien for an assessment made by a local improvement district, the burden is on the defendant to show that the ordinance creating the district and that which fixed the assessment were not duly passed and published as the law directs. (Page 378.)

2. RAILROAD—LOCAL IMPROVEMENT.—The right of way and depot grounds of a railroad company are assessable for local improvements that benefit such property.   (Page 380.)

3. SAME—ENFORCEMENT OF LOCAL ASSESSMENT.—A lien against a railroad for an assessment for local improvement can be enforced by sale of the road as a unit, but not by sale of so much of the road as lies within the improvement district.   (Page 381.)

Appeal from Benton Circuit Court in Chancery.

EDWARD S. McDANIEL, Judge.

*Read & McDonough* and *Dodge & Johnson,* for appellant.

The burden of proving publication of the ordinance was on appellee. 53 Ark. 368; 56 Ark. 372. The failure to prove it is an absolute defense to this action. Beach, Pub. Corp. §§ 503, 1253; 76 Ill. 317; Dill. Mun. Corp. §§ 310, 334, 422; Tied. Mun. Corp. § 148; 57 N. Y. 526; 60 N. Y. 16; 46 N. Y. 42; 38 N. J. L. 110; 22 Minn. 218; Ell. Mun. Corp. § 218, p. 191; 40 Ill. App. 19. Failure to make publication in a newspaper of the city is also a defense to the action. Sand. & H. Dig., § 5338. There is no authority under the law for taxing railroads for local improvements. The statute (Sand. & H. Dig., §§ 5321, 5338) granting to municipalities the right to tax for such improvements extends it only to *real estate,* and requires that it be assessed upon the valuation as "made by the *county assessor* previous thereto;" and railroad property is not assessed by county assessors. Sand. & H. Dig., §§ 6464, 6465, 6471, 6473. *Cf.* 64 Ark. 432; 51 S. W. 568. Grants of power of taxation to municipalities are to be strictly construed. Cooley, Taxat. 209. Judgment *in rem* against a particular section of a railroad constructed and operated as an entity can not be enforced as herein attempted. 52 Ark. 529; 31 Ark. 494; 57 S. W. 471; 60 N. W. 767; 63 N. W. 1007.

*E. P. Watson, W. V. Tompkins,* and *M. W. Greeson,* for appellee.

The plaintiff was not required to prove the passage and publication of the ordinance. Sand. & H. Dig., § 5341. Such objections should appear, by way of defense, in the answer. 53 Ark. 368; 56 Ark. 372. Railroad tracks are real property.

46 Ark. 330; Sand. & H. Dig., §§ 6466, 6470, 6471. After railroads are *valued* by the state board of railroad commissioners, the values of land in the respective counties are turned over to the respective assessors, and they *assess* it. Sand. & H. Dig., § 6473. The railway company's real property, situated in the district, can not be exempted from local assessment. Const. Ark. (1874), art. 19, § 27; *ib.* art. 16, § 5; 46 Ark. 327, 331. The court has jurisdiction and power to enforce the collection of the tax. *Cf.* Sand. & H. Dig., §§ 5349, 5350 and 6726, 6727, 6728, 6729.

BUNN, C. J. This is a bill to foreclose a lien on defendant's right of way extending through said improvement district, and the depot buildings and depot grounds situated therein, and to collect the amount of the district assessment made against said property? The answer puts in issue the passage of the ordinance organizing said district, and authorizing and making said assessment.

The defendant first contends that the plaintiff has the burden of proof to show that said ordinances were duly passed, and were published as the law directs.

Section 5341, Sand. & H. Dig., reads thus: "The board [on refusal of any property owner to pay his assessment] shall straightway cause a complaint in equity to be filed in the court having jurisdiction of suits for the enforcement of liens upon real property, for the condemnation and sale of such delinquent property, for payment of said assessment, penalty and costs of suits, in which complaint it shall not be necessary to state more than the fact of the assessment and the non-payment thereof within the time required by law, without any further statement or any steps required to be taken by the council, or the board, or any other officer whatever, concluding with a prayer that the delinquent property be charged with the amount of such assessment, penalty and costs, and be condemned and sold for the payment thereof." Section 5342: "It shall not be necessary to exhibit with the complaint any copy of any ordinance or other document or paper connected with the assessment and collection of the moneys assessed under this act." Then follow the provisions for the enforcement of the assessment, all showing the in-

tention of the legislature to make the procedure the simplest and most expeditious, consistent with the rights of the parties involved, and it is manifest that its intention was to make the few allegations of the complaint a *prima facie* case, that is, if not controverted in the pleading and by proof, to be sufficient to authorize the decree of condemnation and foreclosure.

But the defendant contends that the proceeding is under section 5336 of Sand. & H. Dig., and not under the general statute, as expressed in sections 5155 and 5157. Section 5336 has no reference to proof of publication, nor upon which party is the burden to show that the ordinance has been duly published. It only defines the duty of the clerk and of the one aggrieved by the assessment. Section 5157 provides for the recording and publication of all by-laws and ordinances of the council, imposing any fine, forfeiture or penalty, and makes no exception. It is a general ordinance on the subject. Section 5155 reads: "The printed copies of the by-laws and ordinances of any municipal corporation, published under its authority, and transcripts of any by-law, ordinance, or of any act or proceeding of any municipal corporation, recorded in any book or entered on any minutes or journal, kept under the direction of such municipal corporation, and certified by the clerk, shall be received in evidence for any purpose for which the original ordinances, books, minutes or journal would be received [and] with as much effect." In construing these sections this court, in *Van Buren* v. *Wells*, 53 Ark. 377, after discussing other questions in the case, said: "The only remaining question is, was the burden on plaintiff to prove that the ordinances were published in the manner prescribed by the statutes? We think not. The statute makes printed copies of the ordinances of any city or incorporated towns, published by the authority of such city or town [and duly certified copies are in evidence in this case], and manuscript copies of the same, copied by the proper officer and having the seal of the city or town attached, evidence of the existence of the ordinances and their contents, and makes a failure to publish a sufficient defense to any suit or prosecution for the fines or penalties imposed by the ordinances." These sections furnish

the rule in this case, and the question of burden of proof is settled in the case cited, and rests upon the defendant.

The next contention of defendant is that the city of Siloam Springs and its officers were without power or authority of law to assess its said property for the purpose of local improvements, or to pass the ordinance attempting to create said improvement district, and that they were without power or authority to make said improvements, or levy said taxes against this defendant railroad company, chartered and organized for that purpose." This particular objection is not specifically made in the answer, and seems to involve two propositions: First, the power of the city to organize improvement district including all its territory, and second, whether or not the right of way of a railroad is the subject of an assessment for local improvements.

The first of this proposition has been answered by the opinion of this court in *Crane* v. *Siloam Springs*, 67 Ark. 34. As to whether or not the right of way of a railroad extended through or into an improvement district was intended by the lawmakers to be subject to these assessments is a question not altogether free from doubt, owing to the peculiar right a railroad has in the property and the peculiar use to which it is exclusively devoted. As to the manner of assessing rights of way, and, incidentally, as to the propriety of including rights of way in the list of property to be assessed, see Welty, Assessment, § 142, and extensive notes thereunder. The statute (and so does the constitution, art. 19, § 27) makes all real estate the subject of these assessments, and another statute makes all real estate, subject to general tax, to be also real estate, subject to these assessments (Sand. & H. Dig., § 5330), and the general revenue laws of the state (Sand. & H. Dig., § 6471) make rights of way, depot grounds, and so forth, real estate, and to be assessed as such.

*Prima facie*, then, this class of property is subject to assessment; but, since all burdens of the kind are imposed only on the theory that the improvements for which they are laid are of corresponding benefit to the property itself, if it can be shown that no benefit can accrue, then the property is not subject; but,

as the assessment itself by proper authority is *prima facie* valid, it necessarily devolves on one desiring relief from the burden to show that no benefits will accrue.  This leads us to an understanding of the statement of Elliott, where he says in his work on Railroads (§ 782): "It has been held that if the property against which an assessment has been levied has not been benefited [or may not be] by the improvement, the collection of the assessment may be enjoined, but this doctrine is to be taken with careful qualification, for it is only in very clear cases that courts can interfere."  Such also is the theory of all the decisions we have been able to find on the subject.  Even those which deny that a right of way is in general subject to local assessment, all in one way and another, and to one extent and another, qualify the doctrine maintained by them by saying, or indicating, at least, that when improvements do not benefit the property that fact is the real defense.  *Detroit, G. H. & M. R. Co.* v. *Grand Rapids*, 28 L. R. A. 793, and citations in the dissenting opinion:  *Matter of Commissioner of Public Parks*, 47 Hun (N. Y.) 302; *Chicago, M. & S. P. R. Co.* v. *Milwaukee*, 89 Wis. 506.  And these are the strongest cases we are able to cite just now.  In the case at bar, it would be assuming too much for us to say that the property assessed is not or will not be benefited naturally by the improvements made, in the absence of a stronger showing to that effect.

The procedure to assess and appraise the property seems to have been in substantial compliance with the statute.  Under our revenue laws, railroad rights of way are valued as units, or by the entire lines, by the state board appointed for that purpose, and these appraisements are certified to the county assessors, through the auditor of state and county clerk, and he is required to make his assessment upon such valuation, and certify the same back on the record, from which local assessments are made.

The decree, so far, is affirmed.  But there is no authority to sell a section of the right of way of a railroad, although a lien is declared thereon for the assessment.  Elliot says (§ 791) that it is the general rule "that where the statute specially provides a remedy for the enforcement of the assessment, that

remedy must be pursued, but if a right be given, and no remedy prescribed, the courts will usually provide the appropriate remedy." Whether we term this assessment a debt against the railroad *in personam*, or only *in rem* against the particular property, it can only be collected against the railroad as a unit; that is, against the whole road within the state. In ordering otherwise, the chancellor was in error. The cause is therefore reversed and remanded, to proceed against the railroad company, as such, to enforce the assessment in equity.