[No. 7136.   Decided July 28, 1908.]

THE CITY OF SEATTLE, *Respondent*, v. SEATTLE AND MONTANA RAILROAD COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—ASSESSMENTS—VALIDITY. The right of way of an interstate railroad, used for and devoted exclusively to main line trackage purposes, may be assessed for benefits from a local improvement in an assessment district established by commissioners appointed for that purpose, although it is found as a fact that the premises are permanently adapted to railway uses as an approach to a permanent tunnel, and that they will not be actually benefited by the improvement as long as they are devoted to such use, but will be actually benefited in the amounts assessed if and when devoted to any other uses.

SAME—STATUTES—CONSTRUCTION—CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWERS. Laws of 1905, p. 84, § 22, providing that, in assessments for benefits from a municipal improvement, it shall be the duty "of the superior judge" and the commissioners to examine the locality and to estimate the proportion of the total cost that will be of benefit to the property, etc., might be unconstitutional as delegating legislative power to the superior court, if construed literally to require the superior court judge to assist in making the asesssment; and the inclusion "of the superior judge" in said action will be held an inadvertence, where it appears that the law viewed as an entirety limited the functions of the court to the appointment of commissioners and a judicial review of the assessment roll; and the law is therefore not invalid as delegating the levying of assessments to the superior court, or to other than the corporate authorities.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered September 11, 1907, after a hearing on the merits, confirming a special assessment for a municipal improvement. Affirmed.

*L. C. Gilman* (*R. C. Saunders,* of counsel), for appellant, contended, *inter alia*, that in the absence of a legislative dec-

[1]Reported in 96 Pac. 958.

laration of benefits, no other ground has ever been sustained
by the courts as sufficient to charge property with a special
assessment, unless the same is actually benefited.  *Boston v.
Boston etc. R. Co.*, 170 Mass. 95, 49 N. E. 95; *Allegheny v.
Western Pa. R. Co.*, 138 Pa. St. 375, 21 Atl. 763.  The
United States Supreme Court cases are simply to the effect
that a legislative declaration of benefits does not contravene
the fourteenth amendment.  *Louisville & N. R. Co. v. Barber
Asphalt Paving Co.*, 197 U. S. 430, 25 Sup. Ct. 466, 49 L.
Ed. 819.  An imagined benefit, contingent upon the happen-
ing of a future benefit, is too uncertain, remote' and specula-
tive to constitute an "actual" benefit.  *Chicago etc. R. Co. v.
Milwaukee*, 89 Wis. 506, 62 N. W. 417, 28 L. R. A. 249;
*Naugatuck R. v. Waterbury*, 78 Conn. 193, 61 Atl. 474;
*Village of River Forest v. Chicago & N. W. R. Co.*, 197 Ill.
344, 64 N. E. 364; *In re Westlake Avenue*, 40 Wash. 144, 82
Pac. 279.  Legislative, judicial and executive functions must
be kept separate as required by the constitution.  *Territory
ex rel. Kelly v. Stewart*, 1 Wash. 98, 23 Pac. 405, 8 L. R. A.
106; *State ex rel. Matson v. Superior Court*, 42 Wash. 491,
85 Pac. 264.  Laws 1905, ch. 55, purports to delegate legis-
lative powers to the superior court, and imposes upon the
judiciary nonjudicial duties.  *Houseman v. Kent Circuit
Judge*, 58 Mich. 364, 25 N. W. 369; *Hardenburgh v. Kidd*,
10 Cal. 402; *People v. Parks*, 58 Cal. 624; *State ex rel. Spen-
cer v. Ensign*, 55 Minn. 278, 56 N. W. 1006; *State ex rel.
Young v. Brill*, 100 Minn. 499, 111 N. W. 294, 639; *Marr v.
Enloe*, 9 Tenn. 408, 1 Yerg. 452; *Keesee v. Civil District
Board of Education*, 6 Cold. (Tenn.), 127.  The act is un-
constitutional because it delegates the taxing power to others
than the "corporate authorities" of the locality to be affected
by the levying of the tax.  Const. art. 7, § 9, art. 11, § 12;
*Austin v. Seattle*, 2 Wash. 667, 27 Pac. 557; *People ex rel.
McCagg v. Mayor etc. of Chicago*, 51 Ill. 17; *Harward
v. St. Clair etc. Drainage Co.*, 51 Ill. 130; *Hessler v. Drain-
age Com'rs*, 53 Ill. 105; *Board of Directors v. Houston*, 71

Ill. 318; *Seanor v. Board of County Com'rs*, 13 Wash. 48, 42 Pac. 52.

*Scott Calhoun* and *Ralph S. Pierce*, for respondent.

PER CURIAM.—This is an appeal from a judgment of the superior court of King county, confirming an assessment for local improvements against certain lots and parcels of land owned by the Seattle and Montana Railroad Company and occupied by it as a part of its right of way. In support of its appeal, the appellant contends: (1) That the property assessed was not "actually benefited" within the meaning of the act of March 3d, 1905, Laws of 1905, p. 84, under which the assessment was levied; and (2) that that act is unconstitutional. On the question of benefits, the court made the following findings:

"(4) That each and all of said lots and tracts were, at the time of said assessment, and are now, occupied by two main tracks of the Seattle and Montana Railroad Company, which forms a part of the Great Northern Railway System, which system extends through the states of Minnesota, North Dakota, Montana, Idaho, and Washington, and over which there was, at the time said assessment was made, and is now, conducted by a common carrier a general interstate railway business. That the right of way over said lots and tracts forms a connection between said main line of said railway system and the terminals of said railway system in the city of Seattle upon which said terminals is located a large and expensive passenger depot used by said common carrier as a general passenger station in the city of Seattle, and said right of way was, at the time of said assessment, and is now, devoted exclusively to use for right of way and trackage purposes only, for said main tracks, together with a number of side tracks maintained thereon.

"(5) That the whole surface of said lots and tracts before mentioned was, at the time of said assessment, and is now, graded to a level of from thirty-six (36) to twenty-two (22) feet below the grade of Fourth Avenue South and other abutting streets, and that all access by said Fourth Avenue South to and from said lots and tracts, and each thereof, is

barred by a concrete retaining wall which said Seattle and Montana Railroad Company is required, by the terms of Ordinance Number 10545 of the City of Seattle, to construct along the west line of said Fourth Avenue South, which has already been partially completed a long distance along said west line, and which, when completed, will rise at least twenty-two (22) feet above the level of said lots and tracts. That said railway tracks on said lots and tracts enter a tunnel a little over a mile in length, running under the city of Seattle, at a point on the west side of Fourth Avenue South and the north terminus of the lots above described, at a grade of thirty-six (36) feet below the grade of Fourth Avenue South as said grade is permanently established by the improvements for which this assessment is made. That said tunnel is an expensive structure, adapted for permanent use for railway purposes only, and constitutes an essential part of said system, and the main connecting link between the terminals of said system in the southern part of the city of Seattle, and the eastern terminus of said system, and that through it run two main tracks of said system on the same grade as said tracks are laid and maintained on the lots and tracts before mentioned.

"(6) That all of said lots and tracts have been, for a long time prior to the assessment herein, and are now, exclusively devoted to railway use as right of way to carry and sustain railway tracks, and that by reason of their grade, of their location, and of their connection with the tunnel aforesaid, and the passenger station aforesaid, and of the great expense incurred by the Great Northern Railway system in so locating and adapting them to railway uses, they are permanently adapted to right of way and railway uses, and that character of use is the only use to which said lots and tracts are now adapted and the only use to which they will be permanently adapted while they continue in the condition now fixed by the improvements and expenditures heretofore found.

"(7) That the aforesaid lots and tracts are not, nor any of them, nor any part or portion of them, actually benefited by the improvement for which they are assessed herein, while and as long as they are devoted to the use hereinbefore found.

"(8) That said lots and portions of vacated streets, if and when devoted to any other uses than the uses hereinbefore found, are, and will be actually benefited to the amounts severally assessed to each thereof in said assessment roll."

While these specific findings may not have been made in the case of the *Northern Pac. R. Co. v. Seattle,* 46 Wash. 674, 91 Pac. 244, the same facts and conditions were nevertheless present in that case and were fully considered by this court. The appellant contends, however, that the *Northern Pacific* case is not in point here, because the assessment district there involved was created by ordinance of the city of Seattle, and the court deemed the legislative declarations of benefits conclusive upon it. The court did no doubt consider the effect to be given to such legislative declaration, but the decision was not rested exclusively upon that ground, for in answer to the contention the appellant now makes, the court said:

"The appellant contends that the land held and used by it as a right of way cannot be assessed for local street improvements; that a special assessment can only be levied when a special benefit produced by the improvement inures to the property assessed; that, unless it can be affirmatively shown that some special benefit does result, no assessment·can be imposed; that the strip of land used solely as right of way for railway trains is not benefited by the improvement of an abutting street; that the public use to which the land is exclusively devoted is not thereby rendered more valuable; that trains can pass and repass as well without as with the improvement; that appellant only occupies its land as a right of way, not owning the fee, and that its easement is not subject to special assessment. Although the appellant may not hold the fee-simple title, there is no reasonable or immediate probability that it will abandon the land. Its use will doubtless be perpetual. Appellant is therefore for all practical purposes the substantial owner. The fee, subject to its use and easement, is of but little value, if any. Except for appellant's occupancy, no suggestion would be made that the land was not benefited by the improvement, or that it would not be subject to the assessment. The particular use of the land cannot affect its liability to assessment. Abutting property cannot be relieved from the ·burden of a street assessment simply because its owner has seen fit to devote it to a use which may not be specially benefited by the local improvement. The benefit is presumed to inure, not to such present use, but to the property itself, affecting its value.".

Furthermore, if any presumption is to be indulged in favor of a legislative declaration of benefits, the like presumption will attach to any assessment district created by legislative authority. Here the assessment district was established by three commissioners appointed by the superior court, pursuant to legislative authority. These commissioners acted in an administrative or legislative capacity in forming the assessment district and the usual presumption attaches to their acts in that regard. We do not think, therefore, that the case can be distinguished on this ground.

The objection to the validity of the legislative act is twofold; first, because it purports to delegate legislative power to the superior court; and second, because it purports to delegate legislative power to levy special assessments to others than the corporate authorities of the municipal subdivisions of the state. The constitutionality of the act of March 9, 1893, Laws of 1893, p. 189, was considered by this court in *In re Westlake Avenue*, 40 Wash. 144, 82 Pac. 279, and the objections to the validity of the present act were there decided adversely to the appellant, excepting one to be presently noted. Section 22 of the act of 1905, p. 84, provides as follows:

"Sec. 22. It shall be the duty of the superior judge and such commissioners to examine the locality where the improvement is proposed to be made, and the lots, blocks, tracts and parcels of land that will be especially benefited thereby, and to estimate what proportion, if any, of the total cost of such improvements will be of benefit to the public and what proportion thereof will be of benefit to the property to be benefited, and apportion the same between the city and such property, so that each shall bear its relative equitable proportion; and having found said amounts, to apportion and assess the amount so found to be of benefit to the property upon the several lots, blocks, tracts and parcels of land in the proportion in which they will be severally benefited by such improvement: *Provided,* That no lot, block, tract or parcel of land shall be assessed a greater amount than it will be actually benefited, nor shall any lot, block, tract or parcel of

land which shall have been found by the jury or court to be damaged be assessed for any benefits: *And provided further,* That it shall not be necessary for said commissioners to examine the locality excepting where the ordinance provides for the establishment, opening, widening or improvement of streets, avenues, alleys or highways. Such part of the compensation, damages and costs as is not finally assessed against property benefited shall be paid from any general funds of the city or town applicable thereto."

If this section should be construed literally, and the act should be held to require the judge of the superior court to go out with the commissioners to examine the property and assist in the formation of the assessment district and the preparation of the assessment roll, it would be difficult and perhaps impossible to sustain the act on constitutional grounds. But from a consideration of the entire act we are satisfied that *the superior judge* was included in this section through inadvertence, and that, when the act is construed in its entirety, the functions of the superior court are clearly limited to the appointment of the commissioners and a judicial review of the assessment roll returned by them. As thus construed, the act is fully sustained by the decision in the *Westlake* case.

From a consideration of the entire record, we are satisfied that the decision in this case is controlled by the decisions in the two cases cited, and for the reasons there stated the judgment is affirmed.

FULLERTON and RUDKIN, JJ., took no part in the decision in *Northern Pac. R. Co. v. Seattle, supra,* and do not concur in the conclusions there announced.