# JANUARY TERM, 1921.*

## CITY OF GRAND RAPIDS *v.* GRAND TRUNK RAILWAY SYSTEM.

1. RAILROADS — TAXATION — EXEMPTION — SPECIALLY CHARTERED RAILROADS—LOCAL IMPROVEMENTS—MUNICIPAL CORPORATIONS.

    A specially chartered railroad company under Act No. 140, Laws of 1855, providing that it should pay an annual tax "in lieu of all other taxes," would not be exempt from payment of taxes for local improvements.

2. SAME — CONSTITUTIONAL LAW — TAXATION — LOCAL IMPROVEMENTS—BENEFITS RECEIVED.

    While it is a legislative policy of this State that railroad properties shall be subject to tax for local improvements, yet if the track, roadbed, or right of way of a railroad is not susceptible of benefit from a local improvement, a taxing of such property for same would be wanting in the due process of law required by the Constitution.

3. SAME—FORMER HOLDING OVERRULED.

    The holding of this court in *Detroit, etc., R. Co.* v. *City of Grand Rapids*, 106 Mich. 13, by a divided court, that a section of the right of way of a railroad company could not be assessed for the expense of improving a street which crosses it, according to benefits received, is overruled.

4. COURTS—FEDERAL COURTS—STATE COURTS—UNITED STATES CONSTITUTION.

    The opinion of the United States Supreme Court in *Louisville, etc., R. Co.* v. *Paving Co.*, 197 U. S. 432, that the levying of a special assessment for benefits by a street improvement against a railroad right of way property does not violate the 14th Amendment to the Federal Constitution, is controlling on the State courts.

Authorities discussing the question of liability of railroad right of way to assessment for local improvements are collated in notes in 28 L. R. A. 249; 12 L. R. A. (N. S.) 112; and 40 L. R. A. (N. S.) 935.

On liability to local assessments for benefits, of property exempt from general taxation, see notes in 35 L. R. A. 33; 18 L. R. A. (N. S.) 451; 32 L. R. A. (N. S.) 303; 44 L. R. A. (N. S.) 57; and L. R. A. 1916F, 864.

*Continued from Vol. 213.

5. RAILROADS—TAXATION—STREET IMPROVEMENT—BENEFITS RE-
CEIVED—QUESTION OF FACT.

The courts may not say, as a matter of law, that the track,
roadbed, or right of way of a railroad may not be benefited
or susceptible of benefit by a local improvement.

6. APPEAL AND ERROR—RAILROADS—TAXATION—LOCAL IMPROVE-
MENT—FRAUD—REVIEWING JUDGMENT FOR ASSESSMENT—MUNIC-
IPAL CORPORATIONS.

The Supreme Court will not review a judgment against a
railroad company for an assessment for benefits from a
street improvement under 1 Comp. Laws 1915, §§ 4001,
4226, and the charter of the city of Grand Rapids (Act No.
593, Local Acts 1905), where the proceedings in form were
regular, the defendant did not appear at any stage of the
proceedings or make any objection thereto, and no bad
faith is charged.

Case-made from superior court of Grand Rapids;
Dunham (Major L.) J. Submitted January 12,
1921. (Docket No. 110.) Decided March 30, 1921.

Assumpsit by the city of Grand Rapids against the
Grand Trunk Railway System for the amount of an
assessment for street improvements. Judgment
for plaintiff. Defendant appeals. Affirmed.

*Clapperton & Owen (Geer & Martin,* of counsel),
for appellant.

*Ganson Taggart* and *Charles A. Watt,* for appellee.

CLARK, J. The plaintiff caused an assessment
for street improvement to be made upon two pieces
of land forming a part of defendant's roadbed of
its steam railroad and upon two small pieces of land
occupied by side tracks of defendant which lands
were determined to be within a certain portion of
the city benefited by such improvement and which
portion was declared to be a proper assessment
district upon which to levy assessment therefor.

There was assessment for benefits against the four pieces of land in the sum of $1,249.50. There was notice of the improvement and notice of hearing of appeals from assessments on the assessment roll as required by law and final confirmation of the roll by the common council of plaintiff city. The proceedings in form were regular. The defendant did not appear at any stage of the proceedings nor did it make any objection. Plaintiff sued to recover the tax and had judgment for the amount of the assessment against defendant's property with interest and charges in the sum of $1,515.25.

Defendant here contends that its said property so used is not susceptible of benefit from the street improvement and for that reason cannot be assessed. Plaintiff's charter, Act No. 593, Local Acts of 1905, contained the following:

"Title VI, § 46:    All freight houses, roadbeds, rights of way and other premises belonging to any steam railroad or railroad corporation or company within the corporate limits of the city of Grand Rapids, which are necessarily used in the operating of the respective franchises of the owners of said railroads, and the person, company, or corporation owning the same are liable for all valid unpaid assessments for public improvements hereafter made within the city of Grand Rapids and assessed against the same, but no lien shall attach thereon on account of such assessments and the payment of such assessments shall not be enforced and collected by sale of said property. Assessments of such classes of property shall be made in the same manner as the assessments of other property under the charter of said city for special improvements, and the assessment roll for such special improvement taxes shall be *prima facie* evidence in any court of the regularity of all proceedings leading up to the assessment and the making of said roll.

"Title VI, § 47: All special assessments made as aforesaid against the property of said railroad companies and the owners thereof, for public improvements, and all installments thereof, together with the interest, costs and charges thereon for enforcing the collection of the same, are hereby made and declared legal demands against each and every of said railroad or railway corporations or companies against whose property such assessments are made in favor of the city of Grand Rapids, and if any of said railroad or railway corporations or companies shall fail to make payment thereof within the time payment is required of such special assessments under the roll on which they are extended, then the city of Grand Rapids may institute an action in assumpsit or other proper legal action in any court of competent jurisdiction against the owners of said properties, and if judgment be rendered thereon in favor of said city of Grand Rapids, the same may be collected on execution out of any property of said railroad or railway corporations or companies liable to levy and sale on execution."

Section 4226, 1 Comp. Laws 1915, relative to taxing such properties by the State board of assessors, provides in part:

"The said taxes shall be payable on the first day of April, following the assessment and levy thereof, and shall be in lieu of all taxes for State and local purposes, not including special assessments on property particularly benefited, made in any county, city, village or township."

Section 4001, 1 Comp. Laws 1915, provides in part:

"The real property of corporations exempt under the laws of this State, by reason of paying specific taxes in lieu of all other taxes for the support of the State: *Provided,* That the track, right of way, depot grounds and buildings, machine shops, rolling stock and all other property necessarily used in operating any railroad in this State belonging to any railroad

company, shall henceforth be made exempt from taxation for any purpose, except that the same shall be subject to special assessments for local improvements in cities and villages, and all lands owned or claimed by any such railroad company not adjoining the track of such company shall be subject to all taxes."

Defendant has been sued as Grand Trunk Railway System, which plaintiff asserts in its declaration is a corporation. In a brief it is said that the defendant is the Detroit, Grand Haven & Milwaukee Railway Company and that the same is a specially chartered railway company of which section 9, Act No. 140, Laws of 1855, provides:

"The said company shall, on or before the first day of July, pay the State treasurer an annual tax of one per cent. on the capital stock of said company paid in, which tax shall be in lieu of all other taxes, except for penalties imposed upon said company by its act of incorporation, or any other law of this State. The said tax shall be estimated upon the last annual report of said corporation."

Even if defendant is specially chartered, a point which cannot be determined upon the record, the language of the claimed charter "in lieu of all other taxes" would not exempt defendant from payment of taxes for local improvements. See *Lake Shore, etc., R. Co. v. City of Grand Rapids,* 102 Mich. 374 (29 L. R. A. 195), where the subject is fully considered.

It is a legislative policy of this State that railroad properties shall be subject to tax for local improvements. But if the track, roadbed, or right of way of a railroad is not susceptible of benefit from a local improvement a taxing of such property for such improvement would be wanting in the due process of law required by the Constitution. Whether such

property may be so taxed is a question upon which the courts are not in harmony. In this State it was held in *Lake Shore, etc., R. Co.* v. *City of Grand Rapids, supra,* that a tax upon a part of plaintiff's roadbed and a freight house for a local improvement could not be collected by a sale of the property but from the opinion we infer that the court thought the assessment and tax valid. In *Detroit, etc., R. Co.* v. *City of Grand Rapids,* 106 Mich. 13 (28 L. R. A. 793), it was held by a divided court (quoting from syllabus) :

"A section of the right of way of a railroad company, occupied by its tracks and used for no other purpose, cannot be assessed for the expense of improving a street which crosses it, under a city charter requiring such assessments to be made according to benefits received."

We think this holding must be overruled. In the instant case a Federal question may be raised that the taxing violates the Fourteenth Amendment. The following opinion of the United States Supreme Court is controlling:

"This is a proceeding under the Kentucky Statutes, § 2834, to enforce a lien upon a lot adjoining a part of Frankfort avenue, in Louisville, for grading, curbing and paving with asphalt the carriageway of that part of the avenue. The defendant, the plaintiff in error, pleaded that its only interest in the lot was a right of way for its main roadbed, and that neither the right of way nor the lot could or would get any benefit from the improvement, but on the contrary rather would be hurt by the increase of travel close to the defendant's tracks. * * *

"The plea plainly means that the improvement will not benefit the lot because the lot is occupied for railroad purposes and will continue so to be occupied. Compare *Chicago, etc., R. Co.* v. *City of*

*Chicago,* 166 U. S. 226, 257, 258 (17 Sup. Ct. 581). That, apart from the specific use to which this land is devoted, land in a good-sized city generally will get a benefit from having the streets about it paved, and that this benefit generally will be more than the cost, are propositions which, as we already have implied, a legislature is warranted in adopting. But, if so, we are of opinion that the legislature is warranted in going one step further and saying that on the question of benefit or no benefit the land shall be considered simply in its general relations and apart from its particular use. See *Illinois Cent. R. Co.* v. *City of Decatur,* 147 U. S. 190 (13 Sup. Ct. 293). On the question of benefits the present use is simply a prognostic, and the plea is prophecy. If an occupant could not escape by professing his desire for solitude and silence, the legislature may make a similar desire fortified by structures equally ineffective. It may say that it is enough that the land could be turned to purposes for which the paving would increase its value. Indeed, it is apparent that the prophecy in the answer cannot be regarded as absolute, even while the present use of the land continues—for no one can say that changes might not make a station desirable at this point; in which case the advantages of a paved street could not be denied. We are not called on to say that we think the assessment fair. But we are compelled to declare that it does not go beyond the bounds set by the Fourteenth Amendment of the Constitution of the United States." *Louisville, etc., R. Co.* v. *Paving Co.,* 197 U. S. 432 (25 Sup. Ct. 466).

The holding in *Chicago, etc., R. Co.* v. *City of Milwaukee,* 89 Wis. 506 (62 N. W. 417, 28 L. R. A. 249), resembles the holding in *Detroit, etc., R. Co.* v. *City of Grand Rapids, supra,* but in a later case it is said:

"The question, therefore, arises: Are lands of a railway company, used solely for a right of way, subject to special assessments for street improve-

ments? Counsel for plaintiff contend they are not, because under the laws of this State and the charter of the defendant city special assessments are limited by and cannot exceed the special benefit which the abutting property receives by reason of the improvement, and in *Chicago, etc., R. Co.* v. *City of Milwaukee, supra,* this court held as a matter of law that the necessary right of way of a railway company is not specially benefited by the improvement of a street in front of it. \* \* \* It is true the decision in such case was based in part upon the fact that it could be said, as a matter of law, that the right of way of a railway company was not benefited by the improvement of the street upon which it abuts, but the decision rested chiefly upon the ground that, in the absence of an express statute authorizing an assessment of the tracks and necessary right of way of a railway company, the assessment and sale thereof for benefits by local improvements could not be sustained. And it was held that in the statute exempting railway property from taxation, the clause 'except that the same shall be subject to special assessments in cities and villages' was not a sufficiently specific declaration of legislative intent to subject it thereto, as the section was intended merely to confine the exemption to the subject of general taxation. So it will be perceived that if the court had found in the statutes a sufficiently clear declaration of legislative intent to subject railroad property to special assessments, the decision would have been otherwise. That case was decided in 1895. Subsequently the legislature enacted chap. 425, Laws of 1903, and in *Chicago, etc., R. Co.* v. *City of Janesville,* 137 Wis. 7 (118 N. W. 182, 28 L. R. A. [N. S.] 1124), this court had occasion to consider the effect thereof. It referred to the case of *Chicago, etc., R. Co.* v. *City of Milwaukee, supra,* and used this language with reference thereto and the enactment of the subsequent statute:

"'In the discussion of the question, it was said that the principle is established that "such a result cannot be effected

under the power of taxation without express legislative author-
ity, and that general language in such statutes will not be held
to authorize such a result." '  *  *  *

"While the language was used in a case that did
not from necessity involve the question, because the
assessment for the sewer was also sustained under
the exercise of the police power, irrespective of
special benefits, still it correctly expresses the pur-
pose and power of the legislature in the enactment of
chapter 425, Laws of 1903.    What was said in
*Chicago, etc., R. Co.* v. *City of Milwaukee, supra,*
to the effect that it is clear, as a matter of law, that
a railway company's right of way is not benefited
by the improvement of the street upon which it
abuts, must be deemed to be overruled.    Such legis-
lation is in accord with the result in many well-
considered cases, and is in harmony with the rule ap-
proved by the Supreme Court of the United States
that on the question of benefits or no benefits the
land shall be considered simply in its general re-
lation and apart from its particular use.    *Louisville,
etc., R. Co.* v. *Paving Co., supra; Illinois Cent. R. Co.*
v. *City of Decatur, supra; City of Seattle* v. *Railroad
Co.,* 50 Wash. 132 (96 Pac. 958); *Burlington, etc.,
R. Co.* v. *Spearman,* 12 Iowa, 112; *Heman Construc-
tion Co.* v. *Railroad Co.,* 206 Mo. 172 (104 S. W. 67,
12 L. R. A. [N. S.] 112, 12 Ann. Cas. 630), and cases
cited in *Chicago, etc., R. Co.* v. *City of Milwaukee,* 89
Wis. 517 (62 N. W. 417), and note to same in 28
L. R. A. 249."    *Chicago, etc., R. Co.* v. *City of Mil-
waukee,* 148 Wis. 39 (133 N. W. 1120).

The rule is stated in 25 R. C. L. p. 117, thus:

"Property belonging to *quasi*-public corporations,
such as railway and other transportation companies,
is controlled by substantially the same rules govern-
ing other cases of assessments for local improve-
ments, and railroad property, other than the roadbed
or right of way, has been held liable in almost
every instance wherever it has been benefited by the

local improvement. As to whether a railway road-bed or right of way may properly be assessed for local improvements, the courts are not in harmony. There are numerous cases which deny the right to levy an assessment on such property, but while some of these base their holding entirely on the nature of the property, and in others a distinction is drawn between cases where the land is owned in fee by the railroad and those in which it has merely an ease-ment, the question in most of them seems to have been one of fact, or the decision was based on the wording of a particular statute, and the more gener-ally accepted view at the present time is that in the absence of statute to the contrary a railway roadbed or right of way is subject to assessment for local improvement when benefited thereby." * * *

For review of the cases bearing upon the question see 28 L. R. A. 249; 28 L. R. A. (N. S.) 1124; 12 L. R. A. (N. S) 112; 40 L. R. A. (N. S.) 935; 25 R. C. L. pp. 117, 118. See, also, *Figg* v. *Railroad Co.,* 116 Ky. 135 (75 S. W. 269); *Winona, etc., R. Co.* v. *City of Watertown,* 1 S. D. 46 (44 N. W. 1072); *Northern Indiana R. Co.* v. *Connelly,* 10 Ohio St. 159; *Peru, etc., R. Co.* v. *Hanna,* 68 Ind. 562; *Illinois Cent. R. Co.* v. *City of Matoon,* 141 Ill. 32 (30 N. E. 773); *City of Ludlow* v. *Railway Co.,* 78 Ky. 357; *Chicago & Alton R. Co.* v. *City of Joliet,* 153 Ill. 649 (39 N. E. 1077); *Burlington, etc., R. Co.* v. *Spearman,* 12 Iowa, 112; *City of Seattle* v. *Railroad Co.,* 50 Wash. 132 (96 Pac. 958); *Illinois Cent. R. Co.* v. *People,* 170 Ill. 224 (48 N. E. 215); *Kansas City, etc., R. Co.* v. *Waterworks Improvement Dist.,* 68 Ark. 376 (59 S. W. 248).

The following cases are cited by counsel for de-fendant as supporting its contention: *New York Bay R. Co.* v. *City of Newark,* 77 N. J. Law, 271 (72 Atl. 455); *New York, etc., R. Co.* v. *Village of Port Chester,* 149 App. Div. 893 (134 N. Y. Supp. 883); *City of Philadelphia* v. *Railroad Co.,* 33 Pa. St. 43;

*Chicago, etc., R. Co.* v. *City of Milwaukee,* 89 Wis. 506 (62 N. W. 417, 28 L. R. A. 249); *Mt. Pleasant Borough* v. *Railroad Co.,* 138 Pa. 365 (20 Atl. 1052); *Allegheny City* v. *Railroad Co.,* 138 Pa. 375 (21 Atl. 763, 11 L. R. A. 520); *Junction R. Co.* v. *City of Philadelphia,* 88 Pa. St. 424; *City of Bridgeport* v. *Railroad Co.,* 36 Conn. 255; *New York, etc., R. Co.* v. *City of New Haven,* 42 Conn. 279.

The weight of authority is, and we so hold, that the court may not say, as a matter of law, that the track, roadbed, or right of way of a railroad may not be benefited or susceptible of benefit by a local improvement. No bad faith is charged and to what extent the property included in the assessment district was benefited and whether benefited or not were questions to be determined in the special proceedings. We cannot review the assessment.

See *Brown* v. *City of Grand Rapids,* 83 Mich. 101; *Graham* v. *City of Grand Rapids,* 179 Mich. 386 (Ann. Cas. 1915D, 380); opinion of Justice HOOKER in *Detroit, etc., R. Co.* v. *City of Grand Rapids,* 106 Mich. at pages 17, 18 (28 L. R. A. 793).

The charter, Act No. 593, Local Acts of 1905, gives the right to recover the tax in a suit at law.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.