## THE SOUTH PARK COMMISSIONERS

*v.*

## THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY.

*Filed at Ottawa June 16, 1883.*

1.  SPECIAL ASSESSMENTS *under the Park act—only upon abutting property—not upon right of way over the street proposed to be improved.* Section 2, of the act of· 1879, relating to special assessments or taxes by the park commissioners, etc., for the improvement of public streets leading to parks, authorizes such assessments or special taxes only upon contiguous property *abutting* upon such streets or avenues. A street or avenue can not abut upon itself, nor can a mere right of way of a railway company over such street be included in that act as property liable to special assessment for improving such street.

2.  It is clear that nothing but tangible property can be said to abut on a street or avenue. Mere intangible rights or privileges can not abut on anything, and hence a special assessment upon the same is not authorized by that act. There is, however, no question but that the legislature may lawfully provide for the taxation of such property.

3.  In this case a railway company had a mere right of way over and upon Michigan avenue, in the city of Chicago, which was a public street leading to one of the parks in that city. The park commissioners, for the purpose of improving such avenue, caused special assessments to be made upon the lots, blocks, etc., abutting upon such improvement, in which was included "the right of way of occupancy, franchises, property and interests of" such railway company. This assessment was confirmed, and the company appealed to the Appellate Court, which reversed the judgment as to the company: *Held,* that the judgment of the Appellate Court was proper, and that such assessment was unauthorized by law.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Circuit Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This was a proceeding instituted in the circuit court of Cook county, by appellants, for the apportionment of an assessment for improving Michigan avenue, in the city of Chicago. The authority under which appellant acted was derived from an act of the General Assembly, entitled "An act to enable park commissioners or corporate authorities to take, regulate, control and improve public streets leading to public parks, and pay for the improvement thereof, and in that behalf to make and collect a special assessment or special tax on contiguous property," approved and in force April 9, 1879; and also from an act, so far as applicable, entitled "An act to enable corporate authorities of two or more towns, for park purposes, to issue bonds in renewal of bonds heretofore issued by them, and to provide for the payment of the same; to make, revise and collect a special assessment on contiguous property, for benefits by reason of the location of parks and boulevards, and to make necessary changes in their location," in force July 1, 1871. The appellant filed in the circuit court an assessment roll, showing a description of the contiguous lots, blocks and parcels of land abutting upon said improvement; also, the amount assessed by the commissioners as special benefits to each of said lots, blocks or parcels of land, and the names of the owners thereof, so far as known. Included in this assessment roll was property described as "the right of way of occupancy, franchises, property and interests of the Chicago, Burlington and Quincy Railroad Company, in Michigan avenue, in the city of Chicago, at its crossing north of Sixteenth street, between lot 5, block 27, and lot 6, block 28, of assessor's division of the north-west fractional quarter of section 21, town 39, range 14 east," against which was assessed, as benefits, the sum of

$1052.16.   This assessment roll was confirmed by the circuit court, and to that judgment of confirmation a writ of error was sued out of the Appellate Court, upon the hearing of which said judgment was reversed, and the park commissioners come here on appeal.

Mr. MELVILLE W. FULLER, and Mr. JESSE B. BARTON, for the appellants:

In *Guild* v. *Chicago*, 82 Ill. 473, the city was held to be empowered to make local improvements by special assessment, or by special taxation, or both, of contiguous property, and there it was held that property not actually touching the improvement was liable to assessment.   This property is in the street, and for the purposes of assessment abuts it, just as much as the street railway's property was contiguous to the street, and subject to its burden of benefits, as held in *Chicago City Ry. Co.* v. *Chicago*, 90 Ill. 573; *Parmelee* v. *Chicago*, 60 id. 267; *Chicago* v. *Baer*, 41 id. 306.

Messrs. J. P. & T. R. WILSON, for the appellee:

The statutes under which the assessment in question was levied do not authorize any assessment upon the property described in the record.   It strictly limits the power of assessment to property contiguous to and abutting upon the street.   Sec. 2 of act of 1879.

The franchise of the appellee is incorporeal, and as such is not capable of being contiguous or abutting upon a street. It does not appear from the assessment roll, or any of the proceedings connected therewith, that the property of appellee is benefited by the proposed improvement.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

It is apparent from the foregoing statement, the only question presented for determination is, whether "*the right of way* of occupancy, franchises, property and interests of*" the appel-

lee, in Michigan avenue, are, within the meaning of the acts above cited, "*contiguous property abutting* upon such avenue," for no other description of property is authorized to be assessed.   It does seem to us the very statement of this question furnishes its own solution.   It is clear that nothing but some tangible object or thing can, with propriety, be said to abut on a street or avenue, and it is not pretended the subject of assessment in this case is anything of the kind.   If the interests or rights assessed can be said to have any corporeal or physical existence, so that they could, with any propriety of language, be said to be contiguous to or abutting upon anything, they must be represented by the avenue itself, and, as is well said by the Appellate Court, it would be a legal solecism to say the avenue was contiguous to and abutted on itself.   Property, in its appropriate sense, is that dominion or indefinite right of user and disposition which one may lawfully exercise over particular things or subjects. But the term is often used to indicate the *res* or subject of property rather than the property itself, and so we understand it to be used in the second section of the act of 1879, above referred to, which authorizes the park commissioners "to levy, or cause to be levied and collected, a special tax or assessment on contiguous property abutting upon such street," etc.   And as a street can not, in the nature of things, abut on itself, and as mere intangible rights or privileges, for the same reason, are incapable of abutting on anything, it is clear the assessment was unauthorized.

The authorities cited as sustaining a contrary view we do not regard as in point.   There is no question but that the legislature may lawfully provide for the taxation of property of this character, but that is not the question here.

The judgment will be affirmed.

*Judgment affirmed.*