## DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO. v. CITY OF GRAND RAPIDS.

1. RAILROAD COMPANIES—SALE OF PROPERTY FOR LOCAL ASSESSMENT.

Property of a railroad company which is necessary to the enjoyment of its franchise, such as a portion of the roadbed, cannot be sold under proceedings to collect an assessment levied thereon for a municipal improvement. *Lake Shore & M. S. R. Co.* v. *City of Grand Rapids*; 102 Mich. 374, followed.

2. RAILROAD COMPANIES—PUBLIC IMPROVEMENTS—ASSESSMENT AS FOR BENEFITS.

A section of the right of way of a railroad company, occupied by its tracks and used for no other purpose, cannot be assessed for the expense of improving a street which crosses it, under a city charter requiring such assessments to be made according to benefits received. McGRATH, C. J., and HOOKER, J., dissenting, on the ground that the determination by the local authorities upon the question of benefits should be final.

Appeal from superior court of Grand Rapids; Burlingame, J. Submitted May 7, 1895. Decided July 2, 1895.

Bill to restrain the collection of a local assessment. Complainant appeals from a decree dismissing the bill. Reversed.

*L. C. Stanley*, for complainant.

*William Wisner Taylor*, for defendant.

GRANT, J. The defendant city opened North Lafayette street across the complainant's right of way. The railroad bed, which is 100 feet wide, crosses the street at an angle of less than 45 degrees. An assessment district was established by the common council, on which was assessed the cost of the improvement, under a charter requiring assessments according to benefits received. The defendant included in this district the complainant's right of way to the distance of 100 feet on each side of the street. It divided this into three parcels, fixing the values at $1,000, $480, and $600, respectively. More than one-twentieth of the entire cost was assessed to complainant. The assessment on the $1,000 piece was $569; on the $480 piece, $373; and on the $600 piece, $63. It thus appears that on one piece nearly 80 per cent. of its entire value was assessed as benefits, and on another piece more than 50 per cent.

1. The first question is settled by the case of *Lake Shore & M. S. R. Co.* v. *City of Grand Rapids*, 102 Mich. 374, which holds that railroad property cannot be sold for these assessments.

2. The right of way so assessed contains the main track and one side track. It has nothing else upon it, and is used for no other purpose. It has already been dedicated to a public use, and the question is presented whether a railroad right of way can be assessed by municipal corporations for public improvements. So far from being any benefit, it is established by the evidence that the opening and paving of the street were a damage to the complainant. A right of way cannot be benefited by the opening and paving of a street across it. None

of the buildings of the complainant are within two blocks of this crossing. We can see no benefits, immediate or prospective, to the complainant. The division of the right of way into three parcels was arbitrary, as were also the valuations and supposed benefits. The point is so clearly and concisely stated by the supreme court of Pennsylvania that we quote the opinion in *City of Philadelphia* v. *Railroad Co.*, 33 Pa. St. 43:

"The municipal authorities paved the Gray's Ferry road for a considerable distance, at a place where it lies side by side with the defendant's railroad, and now seek to charge them with half of the cost of it; but they cannot do it. Their claim has no foundation either in the letter of the law or in its spirit, nor in the form of the remedy. Not in the letter, because the defendants do not own the land sought to be charged, and have only their right of way over it. Not in the spirit, because the paving laws are means of compulsory contribution among the common sharers in a common benefit, and as a railroad cannot, from its very nature, derive any benefit from the paving, while all the rest of the neighborhood may, we cannot presume that the compulsion was intended to be applied to them. Not in the form of the remedy, because the execution for this sort of claim is *levari facias*, a writ not commonly allowed against corporations, and which would hardly produce much when directed against a public right of way. It would be strange legislation that would authorize the soil of one public road to be taxed, in order to raise funds to make or improve a neighboring one."

The same doctrine is held in *Junction R. Co.* v. *City of Philadelphia*, 88 Pa. St. 424; *State* v. *City of Elizabeth*, 37 N. J. Law, 331; *New York & H. R. Co.* v. *Town of Morrisania*, 7 Hun, 652; *City of Bloomington* v. *Railroad Co.*, 134 Ill. 451; *City of Bridgeport* v. *Railroad Co.*, 36 Conn. 255; *South Park Com'rs* v. *Railroad Co.*, 107 Ill. 105; *New York & N. H. R. Co.* v. *City of New Haven*, 42 Conn. 279.

Decree is reversed, and decree entered in this court

for complainant in accordance with the prayer, with the costs of both courts.

LONG and MONTGOMERY, JJ., concurred with GRANT, J.

HOOKER, J. (*dissenting*). The city of Grand Rapids caused an assessment for grading a street to be made upon two pieces of land forming a portion of the complainant's roadbed, and the bill in this cause was filed to restrain a sale of the parcels for such assessment. The complainant's right of way crosses the street, and 100 feet in length of said right of way on each side of the street was included in the assessment district. The bill was dismissed, and the complainant has appealed.

The decision in the recent case of *Lake Shore & M. S. R. Co.* v. *City of Grand Rapids*, 102 Mich. 374, is conclusive of this case to the extent that the premises assessed cannot be sold upon proceedings to collect the amount of said assessment.

It is insisted that the complainant's land is not subject to assessment for the improvement, and that for that reason also the complainant is entitled to the relief asked. The case of *Lake Shore & M. S. R. Co.* v. *City of Grand Rapids* holds that the premises involved in that case were subject to assessment for a street improvement. The difference between that case and this is that in that the lands adjoining the street improved were used for depot purposes, while in this they were used for no purpose but the roadbed, consisting of the main track and one siding, and, while the benefits to the former are apparent, it is said to be equally apparent that there are none in the latter.

The charter of the city of Grand Rapids provides for local assessment of the cost of street improvements. The council determines the amount to be assessed and the assessment district, and the board of review act as commissioners to make the assessment. Charter 1891, tit. 6, §§ 4–6. Notice of the assessment by publication is

provided for, and the council hears appeals. Id. §§ 8–10. (Local Acts 1877, pp. 158–160; Local Acts 1891, pp. 526, 527.) Apparently all proceedings in this case were regular, and complainant's right to relief depends upon the jurisdiction of the board of review and council to act in the premises upon its land. It is said that there is no jurisdiction in cases where the land is occupied for railway purposes and is used only for tracks. In other words, where the premises will not be benefited, the proceedings are said to be void for want of jurisdiction. If we could say, as a legal proposition, that all railroad lands are exempt from assessments, or that all such lands except depot grounds are exempt, then we might say that this land should have been excluded from the assessment district by the council as not subject to assessment. But we have held that railroad lands are subject to local burdens where benefited, and whether benefited or not, and how much, are questions of fact. The owner has the right to a hearing upon appeal when he feels aggrieved at the assessment, but, unless we are to say that all persons who think that their property is not benefited may ask the court of chancery to review the decision of the commissioners and council upon the facts, the determination of the council must be considered final upon the subject. To hold that there is no jurisdiction where there are no benefits would make the jurisdiction of the board depend upon whether a court of chancery could be induced, under different proofs, to differ from the board in its opinion as to benefits. This land was determined to be a part of the assessment district by the council. It was their province to determine that question. The board determined that it would be benefited. This was within their prescribed duties, and was subject to an appeal, which complainant did not avail itself of. If it was a fact that the premises were benefited, complainant's land should be assessed; if not,

106 MICH.—2.

it should not have been. The decision of this question by the tribunal to which it was confided should be final. *South Park Com'rs* v. *Railroad Co.*, 107 Ill. 105; *Brown* v. *City of Grand Rapids*, 83 Mich. 107.

The decree of the superior court should be reversed, and a decree entered here perpetually restraining the sale of the premises named in the bill of complaint.

MCGRATH, C. J., concurred with HOOKER, J.