## NEW YORK BAY RAILROAD COMPANY v. CITY OF NEWARK.

Argued November 5, 1908—Decided April 2, 1909.

A railroad's right of way is regarded, for purposes of assessment for benefits, as land permanently devoted to public uses, hence benefit to the land in such use, not the enhancement of its market value, is the proper basis of its assessment. Where no such benefit accrues no assessment can be imposed.

On *certiorari.*

Before Justices GARRISON, PARKER and VOORHEES.

For the prosecutor, *James B. Vredenburgh.*

For the defendant, *Francis Child, Jr.*

The opinion of the court was delivered by

GARRISON, J. Hillside avenue in the city of Newark crosses Peddie street at right angles and running northward next crosses the right of way of the New York Bay Railroad Company, which lies parallel with and immediately adjacent to Peddie street. This right of way, which is approximately fifty feet in width, is occupied by a single line of tracks placed next to Peddie street. The northerly part of this right of way not now occupied by tracks has been assessed for benefits accruing from the paving of Hillside avenue. The railroad tracks on this right of way are used for freight trains and there is no station at or near the intersection of Peddie street and Hillside avenue.

This assessment for benefits cannot be sustained. The land assessed was acquired for railway purposes and is held for such public use under legislative authority. Lands so acquired and held are regarded for purposes of assessment for benefits as permanently devoted to public use.

In the assessment of lands so circumstanced the enhancement of their market value is not the proper basis. *Morris and Essex Railroad Co.* v. *Jersey City,* 7 *Vroom* 56.

Benefit to the property for its present use is the proper basis of assessment. *Erie Railroad Co.* v. *Paterson,* 43 *Vroom* 83.

Of such benefit, however, there is in the present case no proof; in fact the public improvement in question is if anything a detriment rather than a benefit to such land in its present and presumably permanent use.

The assessment against these two lots must therefore be set aside.