NEW YORK BAY RAILROAD COMPANY, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK ET AL.

Submitted March 18, 1910—Decided June 13, 1910.

A city lot, owned by a railroad company, which is vacant and not used for railroad purposes, and not within the present or proposed lines of the company's right of way, nor necessary at present for the enjoyment of its franchises, is liable to assessment for street improvement, though the land was acquired by the company with the intention 'of using it some time in the future for additional tracks when required by the exigencies of its business.

On *certiorari.*

Before Justices TRENCHARD and MINTURN.

For the prosecutor, *Vredenburgh, Wall & Carey.*

For the defendants, *Herbert Boggs.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ of *certiorari* brings up for review assessments for benefits for paving Rose avenue in the city of Newark, assessed by the commissioners of assessment of Newark upon two tracts of land abutting upon that avenue and owned by the prosecutor.

With respect to lot 44-A, block 2597, it is expressly conceded by the defendants that the assessment is invalid and must be set aside since it is occupied by the through tracks of the prosecutor's railroad and it appears that no benefit was conferred upon the property.

This leaves only for consideration the validity of the assessment upon a tract having a frontage of seventy-five feet on Rose avenue and a depth of one hundred feet and being a part of lot 50, block 2577.

While the assessment nominally is upon a frontage of one hundred and five feet, yet it is stipulated by counsel that in fact the assessment is upon the narrower tract mentioned and is to be so considered.

The prosecutor assessed is a railroad company incorporated under the General Railroad law.

It is admitted by the prosecutor that the amount of the assessment is not excessive. The sole contention is that the land, having been acquired for railroad purposes under legislative authority, is not assessable for benefits because held for fairly anticipated railroad purposes.

We think there is no merit in the contention.

It is probably true that the land was acquired with the intention of using it some time in the future for railroad purposes, but the proofs show it is not essential to the exercise of the corporate franchises of the prosecutor, as the railroad is now constructed and operated, within the decision of *State, Morris and Essex Railroad Co., v. Jersey City, 7 Vroom* 56. Nor is the land within projected plans for a change in the railroad tracks or yards in accordance with any scheme of improvement *in fieri,* which the prosecutor is at this time actively engaged in executing, within the decision of *State, Morris and Essex Railroad Co., v. Haight, 6 Id.* 40. The land in question is lying vacant, and is not at this time necessary for the company's railroad, but is held as a matter of convenience to the company, which the company in the exigencies of its legitimate business may, at some future time, require for additional tracks or for a readjustment of its present tracks. Whether the land in question will ever be so used seems from the evidence somewhat problematical. As yet no step has been taken in that direction. It is quite clear, too, that the land is not so irrevocably appropriated to the use of the prosecutor in the operation of its railroad that it might not be applied to other uses or sold. In this situation the land is assessable for benefits. *Morris and Essex Railroad Co.* v. *Jersey City,* 35 *Id.* 148; *affirmed,* 36 *Id.* 683; *Morris and Essex Railroad Co.* v. *Jersey City,* 35 *Id.* 151; *affirmed,* 36 *Id.* 683.

The assessment against lot 44-A, block 2597, will be set aside.

The assessment against the tract having a frontage of seventy-five feet on Rose avenue and a depth of one hundred feet, and being a part of lot 50, block 2577, will be affirmed.