CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant, vs. CITY OF MILWAUKEE and another, Respondents.

*December 7, 1911—January 9, 1912.*

*Municipal corporations: Street improvements: Special assessments: Railway property: Right of way: Pleading: Ownership.*

1. In an action by a railway company to set aside special assessments against certain lands for street improvements, allegations in the complaint that plaintiff is the owner of the lots, that they are part and parcel of its right of way, that its line of railway was at the time of the assessment operated as part and

parcel of its system of railway for public use, and that the said
lands constituted necessary right of way, are construed to mean
that the plaintiff is the owner in fee of the lots and not of a
mere easement or right of way over them.

2. Ch. 425, Laws of 1903 (sec. 1210k, Stats.: Supp. 1906), providing
that the property of all corporations, including railway com-
panies, "shall be in all respects subject to all special assess-
ments for local improvements in the same manner and to the
same extent as the property of individuals," is a valid enact-
ment, and under it lands of a railway company, though used
solely for a right of way, are subject to special assessments for
street improvements.

3. Under said statute the land is to be considered in its general
relations, irrespective of the particular use to which it may be
put.

4. What was said in *Chicago, M. & St. P. R. Co. v. Milwaukee*,
89 Wis. 506, to the effect that, as a matter of law, a railway com-
pany's right of way is not benefited by the improvement of the
street upon which it abuts, is overruled.

APPEAL from an order of the circuit court for Milwaukee
county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

Action to set aside special assessments for street improve-
ments against plaintiff's right of way in the city of *Milwau-
kee.* The complaint alleges that plaintiff is the owner and
operator of a system of railways, for public use, in Wisconsin
and other states; that several of its lines of railway enter the
city of *Milwaukee,* and have been maintained and operated,
for public use, within said city, for more than twenty years
last past; that it is the owner of lands lying in defendant city
described as follows, to wit: (describing certain lots in said
city). It further alleges, upon information and belief, that
the defendant city made an assessment for special benefits
against said lands for the purpose of improving Fifth street
within said city; that said assessment was by a resolution of
the common council of the defendant city confirmed; that
thereafter the work of improving said street was let to a con-
tractor, and after the performance of the contract the board
of public works of the defendant city issued to such contractor,
in payment for work done in front of said lands, its certifi-
cate for $478.02, containing among other things a description

of said lands as the lands against which said work was charge-
able, and said special assessment was carried out at said sum
on the tax roll of the defendant city for the year 1908 against
all of said lands.    It then alleges that the lands described in
the complaint are part and parcel of plaintiff's right of way
in defendant city, and its said line of railway was at the time
of the assessment operated as part and parcel of plaintiff's sys-
tem of railways for public use and the said lands constituted
the necessary right of way; that the plaintiff has not paid said
certificate for the reason that it is advised by its counsel and
verily believes that under the facts stated in the complaint
none of said lands described were by law liable to assessment
for special benefits.    It further alleges, upon information and
belief, that the defendant *J. V. Schoenecker, Jr.,* as treasurer
of the defendant city, notwithstanding the provisions of
ch. 425, Laws of 1903, threatens that he will on the 1st day
of February, 1909, sell the said lands described, for the pur-
pose of collecting the amount of said certificate.

The complaint also contains a second cause of action iden-
tical with the first, except that it describes other lots and
states a different amount of taxes assessed against them.

The defendants demurred separately to each of the several
causes of action set forth in the complaint, on the ground that
it appeared on the face thereof that the same did not state facts
sufficient to constitute a cause of action.    The demurrers
were sustained and plaintiff appealed.

For the appellant there was a brief by *C. H. Van Alstine*
and *H. J. Killilea,* and oral argument by *Mr. Van Alstine.*

For the respondents there was a brief by *Daniel W. Hoan,*
city attorney, and *W. H. Timlin, Jr.,* special assistant city
attorney, and oral argument by *Mr. Timlin.*

Vinje, J.    The complaint alleges that plaintiff is the
owner of the lots described; that they are part and parcel of
its right of way; that its line of railway was at the time of the
assessment operated as part and parcel of its system of rail-

way for public use, and that the said lots constituted neces-
sary right of way.     Under this allegation it must be held that
plaintiff is the owner in fee of the lots described and not of a
mere easement or right of way over them, though they are
used only for a right of way.     The question, therefore, arises:
Are lands of a railway company, used solely for a right of
way, subject to special assessments for street improvements?
Counsel for plaintiff contend they are not, because under the
laws of this state and the charter of the defendant city special
assessments are limited by and cannot exceed the special bene-
fit which the abutting property receives by reason of the im-
provement, and in *Chicago, M. & St. P. R. Co. v. Milwaukee,*
89 Wis. 506, 62 N. W. 417, this court held as a matter of law
that the necessary right of way of a railway company is not
specially benefited by the improvement of a street in front
of it.     They further contend that the rule of law announced
in that case has not been changed by the enactment of ch. 425,
Laws of 1903 (sec. 1210*k*, Stats.: Supp. 1906), which pro-
vides:

"The property of every county, city, village, town and
school district, within this state, and of every corporation,
company or individual operating any railroad or street rail-
way, telegraph, telephone, electric light or power system, or
doing any of the business mentioned in chapter 51 of the Stat-
utes of 1898, and of every other corporation or company what-
ever, shall be in all respects subject to all special assessments
for local improvements in the same manner and to the same
extent as the property of individuals."

They argue that the act does not specifically prescribe the
steps to be taken in making special assessments, but simply
provides that the property of all corporations "shall be in all
respects subject to all special assessments for local improve-
ments in the same manner and to the same extent as the prop-
erty of individuals," and hence that the statute was not meant
to stand alone, but only in connection with other statutes that
point out the steps to be taken in making special assessments;

that it is only when some other statutes authorize special assessments and point out the mode and manner of making them that the property of railway companies is subject thereto under those statutes to the same extent as is the property of individuals. But since the property of the latter is liable only to the extent of benefits, the right of way of railway companies is liable only to the same extent. And if, as held in *Chicago, M. & St. P. R. Co. v. Milwaukee,* 89 Wis. 506, 62 N. W. 417, right of way of a railway company is not at all benefited by the improvement of a street on which it abuts, it is therefore not in any manner or to any extent liable for special assessments for such improvement, notwithstanding the enactment of ch. 425, Laws of 1903. Such, in brief, as we understand it, is the argument of plaintiff on this point.

It is true the decision in *Chicago, M. & St. P. R. Co. v. Milwaukee* was based in part upon the fact that it could be said as a matter of law that the right of way of a railway company was not benefited by the improvement of the street on which it abuts, but the decision rested chiefly upon the ground that, in the absence of an express statute authorizing an assessment of the tracks and necessary right of way of a railway company, the assessment and sale thereof for benefits by local improvements could not be sustained, and it was held that in subd. 14, sec. 1038, R. S. 1878, exempting railroad property from taxation, the clause "except that the same shall be subject to special assessments for local improvements in cities and villages," was not a sufficiently specific declaration of legislative intent to subject it thereto, as the section was intended merely to confine the exemption to the subject of general taxation. So it will be perceived that if the court had found in the statutes a sufficiently clear declaration of legislative intent to subject railroad property to special assessments, the decision would have been otherwise. That case was decided in 1895. Subsequently the legislature enacted ch. 425, Laws of 1903 (sec. 1210*k,* Stats.: Supp. 1906), and

in *Chicago, M. & St. P. R. Co. v. Janesville,* 137 Wis. 7, 118 N. W. 182, this court had occasion to consider the effect thereof. It referred to the case of *Chicago, M. & St. P. R. Co. v. Milwaukee,* 89 Wis. 506, 62 N. W. 417, and used this language with reference thereto and the enactment of the subsequent statute:

"In the discussion of the question it was said that the principle is established that 'such a result cannot be effected under the power of taxation *without express legislative authority,* and that general language in such statutes will not be held to authorize such a result.' Since the decision of that case, however, the legislature has in no uncertain terms made express provision for the levying of such assessments against such property. Ch. 425, Laws of 1903, provides, among other things, that the property of railroad corporations 'shall be in all respects subject to all special assessments for local improvements in the same manner and to the same extent as the property of individuals.' This is an express and unambiguous declaration by the legislature upon a subject over which it has full power, which closes the question."

While the language was used in a case that did not from necessity involve the question, because the assessment for the sewer was also sustained under the exercise of the police power irrespective of special benefits, still it correctly expresses the purpose and power of the legislature in the enactment of ch. 425, Laws of 1903. What was said in *Chicago, M. & St. P. R. Co. v. Milwaukee, supra,* to the effect that it is clear as a matter of law that a railway company's right of way is not benefited by the improvement of the street upon which it abuts, must be deemed to be overruled. Such legislation is in accord with the result in many well considered cases, and is in harmony with the rule approved by the supreme court of the United States that on the question of benefits or no benefits the land shall be considered simply in its general relations and apart from its particular use. *Louisville & N. R. Co. v. Barber A. P. Co.* 197 U. S. 430, 25 Sup. Ct. 466; *Ill. Cent. R. Co. v. Decatur,* 147 U. S. 190, 13 Sup. Ct. 293;

*Seattle v. Seattle & M. R. Co.* 50 Wash. 132, 96 Pac. 958; *Burlington & M. R. R. Co. v. Spearman,* 12 Iowa, 112; *Heman C. Co. v. Wabash R. Co.* 206 Mo. 172, 104 S. W. 67, and cases cited in *Chicago, M. & St. P. R. Co. v. Milwaukee,* 89 Wis. 506, at page 517, 62 N. W. 417, and note to same in 28 L. R. A. 249.

It was decided in *Weeks v. Milwaukee,* 10 Wis. 242, that special assessments by municipalities do not come within the rule requiring uniformity of taxation, because art. XI, sec. 3, of the constitution authorizes the legislature to restrict the power of assessments of cities, and that the legislature is the sole judge of the extent to which such power of levying special assessments may be exercised by cities. Acting strictly within that power it has declared that the property of all corporations "shall be in all respects subject to all special assessments for local improvements in the same manner and to the same extent as the property of individuals." Such a declaration, interpreted in the light of judicial decisions and recent legislative enactments, can mean only what its plain language imports, namely, that every species of real property owned by corporations shall pay its proportionate share of special assessments for local improvements in the same manner and to the same extent as the property of individuals, irrespective of the particular use to which such real property may be put.

*By the Court.*—Order affirmed.

TIMLIN, J., took no part.