CITY OF SUPERIOR, Respondent, vs. LAKE SUPERIOR TER-
MINAL & TRANSFER RAILWAY COMPANY, Appellant.

*January 28—February 18, 1913.*

*Municipal corporations: Improvements: Special assessments: Va-
lidity: Railroad property: Benefits: "Adjacent" property: In-
tervening alley: Action to recover assessments: Sale for taxes
is not payment.*

1. The statute (sec. 1210k, Stats.) which makes railroad property
   subject to assessment for local improvements to the same ex-
   tent as private property is a valid exercise of legislative power.
2. In considering the question of the benefits resulting from such
   improvements, railroad property is to be considered, not with·
   reference to its present use, but with reference to its adapta-
   bility for other and general uses in the future.
3. When it is provided by law that assessments of benefits for local
   improvements in a city may be levied against abutting or ad-
   jacent real estate, the word "adjacent" signifies in this con-
   nection lying near to but not actually touching the improve-
   ment, being separated therefrom by an intervening parcel or
   strip.
4. A parcel of land cannot be said to be "adjacent," within the
   meaning of such a law, when not only a separate parcel of
   land but a public way intervenes between it and the improve-
   ment. So *held* where, between the land assessed and the im-
   proved street, there were lots 120 feet deep and also a twenty-
   foot alley parallel with said street and about one third of the
   way back from it to the other side of the block.
5. Where land is so located that the board of public works had no
   power or jurisdiction to levy an assessment upon it, such as-
   sessment will be held void in an action by the city to collect it.
6. A railroad right of way may properly be assessed for a side·
   walk laid along its street frontage.
7. In an action by a city to recover special assessments on land it
   is immaterial that the land has been returned delinquent and
   sold for the taxes and a certificate issued to the county, since
   these facts do not constitute payment of the taxes.

APPEAL from a judgment of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Reversed.*

This is an action brought by the city of *Superior* under
sec. 1210l, Stats., to recover of the defendant certain special

assessments levied against a part of the defendant's right of way for street paving and construction of sidewalks. The defendant owns in fee a fifty-foot strip of land running due east and west through the south half of certain blocks in the city of *Superior* upon which it operates its engines and cars, and this is the strip against which the special assessments in question were levied. The following drawing of one of the blocks will give a correct idea of the situation:

The railroad property, which consists of the shaded strip upon the plat, was assessed $355.37 as benefits for the construction of a pavement upon Third street and was also as-

sessed $62.20 for the construction of a cement sidewalk on the east side of John avenue across the strip. Judgment was rendered by the trial court for the plaintiff for both amounts, and the defendant appeals.

*J. A. Murphy,* for the appellant.

For the respondent there was a brief by *H. V. Gard* and *T. L. M'Intosh,* and oral argument by *Mr. M'Intosh.*

WINSLOW, C. J. On the general subject of special assessments against railroad property for local improvements, three propositions must now be considered as settled and not open for debate:

*First,* that the statute which makes railroad property subject to assessment for local improvements to the same extent as private property is a valid exercise of legislative power (*Chicago, M. & St. P. R. Co. v. Janesville,* 137 Wis. 7, 118 N. W. 182) ; *second,* that in considering the question of the benefits resulting from such improvements, railroad property is to be considered, not with reference to its present use, but with reference to its adaptability for other and general uses in the future (*Chicago, M. & St. P. R. Co. v. Milwaukee,* 148 Wis. 39, 133 N. W. 1120) ; and *third,* that when it is provided by law, as in the case of the city of *Superior,* that assessments of benefits for local improvements may be levied against *abutting* or *adjacent* real estate, the word "adjacent" signifies in this connection lying near to but not actually touching the improvement, being separated therefrom by an intervening parcel or strip (*Hennessy v. Douglas Co.* 99 Wis. 129, 136, 74 N. W. 983; *Northern Pacific R. Co. v. Douglas Co.* 145 Wis. 288, 130 N. W. 246).

It is said by counsel for the city that since the decision of the *Hennessy Case, supra,* it has been the practice in *Superior* to consider all property which is no further back from the street than the middle of the block as *adjacent* to the street, even though it does not actually touch the street, and he appeals to the court to place its approval on that rule.

It seems, by reference to the case named, that such was the rule followed in making the assessments which were sustained by the judgment in that case. It is to be noted, however, that the question as to how far the assessments might lawfully extend was not presented for decision in that case, but simply the question whether there could be adjacent property which did not abut. The action of the board of public works in determining the extent of the assessment district within the field of property which could properly be called adjacent was held to be conclusive, subject only to alteration on direct appeal from their determination, and as that action was an action in equity to set aside the assessments as illegal the only propositions really decided on this branch of the case were that assessments could be properly levied on *adjacent* property not actually touching the improvement, and that the property included in that case was not beyond the limit of adjacency.

In all ordinary cases the center line of the block would seem to be a fairly good place to locate the line of adjacency, inasmuch as nearly all blocks have streets subject to improvement on both sides. However, it is not to be understood that we are laying down any rule one way or the other upon the question. Special circumstances may well make very material difference in the conclusion as to what parcels are properly to be considered as adjacent.

Acting upon the theory that any parcel of land which extends no further back from the street than the center line of the block may properly be held to be adjacent to the street in front, counsel for the city point to the fact that the railroad land in question is within that half of the block towards Third street and hence was properly assessed as *adjacent* land.

The difficulty is that the block in question is not an ordinary block without an alley or with an alley halfway back from the street, but a block with an alley about one third of

the way back.    Were this alley in the center, it seems to us clear that it would necessarily mark the limit of the area of adjacency; *first,* because a parcel of land cannot be said to be adjacent, within the meaning already approved, when not only a separate parcel of land but a public way intervenes between it and the improvement; *second,* because each half of the block should in justice bear the burden of improving its own frontage on its own street; *third,* because of the fact, which is scarcely less important, namely, that this construction provides a rule of certainty in the application of the assessment statute and removes all doubt as to the limits of the power of assessment in that direction.    The fact that the alley in the present case is not in the center of the block, but only about one third of the distance from the improved street to the other side of the block, does not impress us as a fact of sufficient importance to make an exception to the rule.    It is still the fact that there is between the land assessed and the improved street full business lots 120 feet deep, as well as an alley or public way of twenty feet in width which it may be called on at any time to assist in paving.    We hold that such property is not included in the term "adjacent."    If not adjacent, it was not within the power or jurisdiction of the board of public works to levy an assessment upon it, and hence such assessment must be held void even in this action.

As to the sidewalk assessment, no reason is perceived why it should not be held valid.    The sidewalk runs north on the east side of John avenue, and actually touches that part of the right of way included in one of the blocks.    There is no question of adjacency here.    The parcel used for a right of way in this block is taxed to build a sidewalk along its street frontage, just as any parcel of land is taxed for a like purpose.

The fact that the land has been returned delinquent and sold for taxes by the county treasurer and a certificate issued to the county is of no consequence.    These facts do not con-

stitute payment of the taxes.    *Iron River v. Bayfield Co.*
106 Wis. 587, 82 N. W. 559.

*By the Court.*—Judgment reversed with costs, and action
remanded with directions to enter judgment in accordance
with the views expressed in this opinion.

VINJE, J., took no part.