THE CITY OF LINCOLN, Appellee, *vs.* THE CHICAGO AND ALTON RAILROAD COMPANY, Appellant.

*Opinion filed April 23, 1914.*

This case is controlled by the decisions in *City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11 and 98.)

APPEAL from the County Court of Logan county; the Hon. CHARLES J. GEHLBACH, Judge, presiding.

W. A. COVEY, (SILAS H. STRAWN, of counsel,) for appellant.

URI KISSINGER, City Attorney, (HUMPHREY & ANDERSON, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The city of Lincoln passed an ordinance in March, 1913, for paving about two blocks of Pulaski street with brick. A petition was filed in the county court of Logan county to pay for said improvement by levying a special assessment on the property benefited. On a hearing before the court

without a jury, legal propositions having been presented as to the admission of evidence, a judgment of confirmation was entered, from which the Chicago and Alton Railroad Company, one of the property owners assessed, appealed.

This improvement is referred to in the opinion of this court in *City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 98. The questions as to the publication certificate, the assessment of the property of a street car company occupying one of the streets crossed by this improvement, whether witnesses should be permitted to testify on the question of benefits to the property of appellant here assessed, as to the value of that property for any purposes for which it could be used, the conclusions of the witnesses as to the comparative benefits, and the right to levy an assessment against the property used for park purposes, as shown in the record, are identical with those raised and passed on by this court in the case last referred to and in the case of *City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11. Under the rulings in those cases the evidence as to the benefits to the 100-foot strip of right of way included in the assessment should have been restricted to the special and peculiar use for which the property was devoted, and the evidence as to the benefits to the strips used for a lumber yard and for a park should have been governed by the rules laid down in those cases, as should also the testimony of the witnesses with reference to the amount that the property assessed would be benefited. We deem it unnecessary to repeat here the citation of authorities or a discussion of the legal principles therein set forth.

The judgment of the county court must be reversed and the cause remanded.     *Reversed and remanded.*