CITY OF ALCOA *v.* LOUISVILLE & N. R. Co.[*]

(*Knoxville.* September Term, 1925.)

**MUNICIPAL CORPORATIONS.** Railroad not liable for special assessment.

In action for recovery of assessment for grading, paving, and guttering street adjacent to railroad company's right of way, where evidence showed company was not benefited by improvement, it being undisputed that right of way was used exclusively for tracks and passage of trains, railroad *held* not liable for special assessment, notwithstanding the Abutting Property Law (Pub. Acts First Ex. Sess. 1913, chapter 18).

Acts cited and construed: Acts 1913, ch. 18.

Cases cited and approved: Figg v. Louisville, etc., R. Co., 116 Ky., 135; Missouri, etc., R. Co. v. Tulsa, 45 Okla., 382; Seattle v. Seattle, etc., R. Co., 50 Wash., 132; Chicago, etc., R. Co. v. Milwaukee, 148 Wis., 39; Superior v. Lake Superior Terminal, etc., R. Co., 152 Wis., 389; Louisville & Nashville R. Co. v. Barber Asphalt Pav. Co., 197 U. S., 433; River Forest v. Chicago, etc., R. Co., 197 Ill., 344; Kankakee v. Ill. Cent. R. Co., 257 Ill., 298; Lincoln v. Chicago, etc., R. Co., 262 Ill., 11; Lincoln v. Chicago, etc., R. Co., 263 Ill., 114; Marion, etc., Traction Co. v. Simmons, 180 Ind., 289; Chicago, etc.,

(202)

City of Alcoa v. L. & N. R. Co.

R. Co. v. Hamilton County, 171 Iowa, 741; Chicago, etc., R. Co. v. Council Bluffs, 176 Iowa, 247; Atchison, etc., R. Co. v. Peterson, 5 Kan. App., 103; Gilsonite Const. Co. v. St. Louis, etc., R. Co., 240 Mo., 650; New York Bay R. Co. v. Newark, 77 N. J. Law, 270; New York Bay R. Co. v. Newark, 82 N. J. Law, 591; New York, etc., R. Co. v. Port Chester, 149 App. Div., 893; Forest v. Atlantic Coast Line R. Co., 159 N. C., 547; Northern Pac. R. Co. v. Richland County, 28 N. D., 172; Decatur v. Southern R. Co., 183 Ala., 531; Bridgeport v. New York, etc., R. Co., 36 Conn., 255; New York, etc., R. Co. v. New Haven, 42 Conn., 279; Detroit, etc., R. Co. v. Grand Rapids, 106 Mich., 13; Des Moines, etc., Levee Dist. No. 1 v. Chicago, etc., R. Co., 240 Mo. 614; Chicago, etc., R. Co. v. Milwaukee, 89 Wis., 506; Southern R. Co. v. F. A. Vann et ux., 142 Tenn., 76; Arnold v. City of Knoxville, 115 Tenn., 195.

*Headnote 1. Municipal Corporations, 28 Cyc., p. 1120.

---

FROM BLOUNT.

---

Appeal from the Chancery Court of Blount County.— Hon. S. O. Houston, Special Chancellor.

Lindsay, Young & Young and Crawford & Goddard, for complainant.

Johnson & Cox, Jas. B. Wright and Brown & Johnson, for defendants.

Mr. Justice Hall delivered the opinion of the Court.

The bill in this cause was filed by the city of Alcoa, a municipal corporation, who will hereinafter be referred to as complainant, against the Louisville & Nashville Railroad Company, to enforce a lien upon certain lots or parcels of land situated within the corporate limits of complainant, and composing a portion of the right of way of said railroad company, for grading, paving, and

guttering certain streets described in the bill, which run parallel with, and adjacent to, the right of way of defendant; said grading, paving, and guttering of said streets being made in accordance with the provisions of a certain ordinance passed by the board of commissioners of the city of Alcoa pursuant to chapter 18, Public Acts of 1913 (First Extra Session), known as the Abutting Property Law.

The amount for which the lien is sought to be enforced against the defendant's right of way is the sum of $1,748.68 and interest. This amount is for paving done on Lincoln road crossing, Aluminum pike, and Hall road.

Defendant answered the bill, denying that it was indebted to complainant, as alleged in the bill, and denied that complainant had a lien on that portion of its right of way fronting upon said streets for the improvements mentioned and described in complainant's bill.

It denied that, under chapter 18, Public Acts of 1913 (First Extra Session), its right of way was liable for any assessment for improvements made by complainant upon its streets pursuant to the provisions of said ordinance and act.

The answer averred that defendant did not own the fee in any of the property against which complainant was seeking to enforce a lien, but only an easement, and that said property was being used exclusively for railroad purposes, that is, for the passage of its trains, and for no other purpose, and that the making of said improvements by complainant upon the streets in question in no way benefited or enhanced defendant's easement in said property, and, therefore, said easement or right of way was not subject to assessment for said improvements.

The answer further averred that chapter 18, Public Acts of 1913 (First Extra Session), in so far as it may authorize any assessment against defendant's right of way for street improvement, is unconstitutional and void for the reason that said act gives the municipality a lien against the easement or right of way of defendant for a portion of the cost of any improvement that may be made on streets lying adjacent to its rights of way, and if the amount assessed against that portion of its easement or right of way lying adjacent to such streets is not paid, the act provides for a sale of such easement or right of way for the payment of said assessment, which cannot be lawfully done for the reason that a railroad company's easement or right of way cannot be segregated and sold in parcels, as complainant attempts to have done under its bill.

The cause was finally heard upon the pleadings and proof by Hon. S. O. Houston, special chancellor, on May 12, 1924, when a decree was rendered against defendant for $1,748.68, the principal amount of said assessment, and the sum of $211.84, interest, or the total sum of $1,960.52, which sum was declared a lien on the several parcels of defendant's right of way abutting on the streets improved, for the satisfaction of said decree, and it was provided that, unless said decree was paid by defendant, the master advertise said parcels of defendant's right of way described in the decree according to law and sell the same on a credit of six and twelve months, and in bar of the equity of redemption. From this decree, defendant has appealed and assigned errors.

Through its first assignment of error, it is insisted by defendant that the special chancellor erred in holding that any portion of its railroad right of way was liable for the

special assessment made by complainant for the improvement of the streets in question under the ordinance passed by complainant pursuant to the provisions of chapter 18, Public Acts of 1913 (First Extra Session).

Through its second assignment of error, defendant insists that the special chancellor erred in holding and decreeing that complainant was entitled to a lien upon the portions or parcels of its railroad right of way abutting on and lying adjacent to the streets improved.

Through its third assignment of error, defendant insists that the special chancellor erred in not sustaining defendant's contention that its right of way was only being used for the passage of its trains and exclusively for railroad purposes, and was in no way benefited or enhanced in value by the improvement of the streets on which its right of way abutted.

Through its fourth assignment of error, defendant insists that the special chancellor erred in awarding a decree against it for the sum of $1,960.52, as its proportional part of the costs of said improvement.

There is no dispute as to the facts. Nor is the contention made by defendant that there was not a substantial compliance by complainant with the provisions of chapter 18, Public Acts of 1913 (First Extra Session), in improving the streets in question.

Section 2 of that act provides:

"That when the legislative body of a municipality shall determine to construct any improvement authorized by the preceding section, two-thirds of the cost of which is to be assessed against the property abutting or adjacent to the street, highway, avenue, alley, or other public place to be improved, it shall adopt an ordinance that such improvement or improvements shall be made, which ordi-

nance shall describe the nature and extent of the work, the character of material or materials to be used, the location and the terminal points of the proposed improvements, and the streets, alleys, highways, or other public places, or part or parts thereof, on which such improvements are to be made, and which shall direct that full details, drawings, plans, specifications, and surveys of said work and estimates to be prepared by the city engineer, or such other person as may be designated in such ordinance; or the said legislative body may adopt plans for such work already prepared.

"Such details, drawings, plans, and specifications, and estimates shall, when completed, be placed on file in the office of the city engineer, or other official designated in such ordinance, where the property owners who may be affected by such improvement may see and examine same; and the said ordinance shall appoint a time when the legislative body of such municipality shall meet, which shall not be less than two weeks after the date of the first publication of notice of said ordinance, to hear any objections or remonstrance that may be made to said improvement, the manner of making same, or the character of material to be used. Notice of the adoption of such ordinance shall be given by publishing a notice once a week for two consecutive weeks in some newspaper of general circulation in said municipality.

"It shall not be necessary to set out in full in such notice said ordinance, but such notice shall state the character of such improvement or improvements, the location and terminal points thereof, and also the time and place, not less than two weeks from the date of first publication of the notice, at which the legislative body of such municipality shall meet to hear remonstrances or protests

against the making of· such improvement or improvements. At the time and place thus appointed the legislative body shall meet, and at said meeting, or at the time and place to which same may be adjourned from time to time, all persons whose property may be affected by such improvement or improvements may appear in person or by attorney or by petition and protest against the making of such improvement or improvements, the material to be used, and the manner of making same; and the said legislative body shall consider such objections and protests, if any, and may confirm, amend, modify, or rescind such original ordinance. Failure to object or protest at the time of confirmation of the original ordinance shall constitute a waiver of any and all irregularities, omissions, and defects in the proceedings taken prior to such a time."

The question presented upon defendant's appeal is one of law, and that is, Is defendant's right of way, upon which its tracks are located, and which is used exclusively for its tracks and the passage of its trains, subject to a special assessment for local improvements, such as are involved in the instant cause?

There is a diversity of opinion as to the assessability of a railroad right of way for street improvements. In some jurisdictions it is held that the right of way of a railroad corporation is subject to assessment like other property, and that such property is conclusively presumed to be benefited by the improvement of a street on which it abuts. *Figg* v. *Louisville, etc., R. Co.,* 116 Ky., 135, 75 S. W., 269; *Missouri, etc. R. Co.* v. *Tulsa,* 45 Okl., 382, 145 P., 398; *Seattle* v. *Seattle, etc., R. Co.,* 50 Wash., 132, 96 P., 958; *Chicago, etc., R. Co.* v. *Milwaukee,* 148 Wis., 39, 133 N. W., 1120; *Superior* v. *Lake Superior Ter-*

*minal, etc., R. Co.*, 152 Wis., 389, 140 N. W., 26; *Louisville & Nashville R. Co.* v. *Barber Asphalt Pav. Co.*, 197 U. S., 433, 25 S. Ct., 466, 49 L. Ed., 819.

In *Figg* v. *Louisville, etc., R. Co., supra,* the court said: "It is not the intangible right to use it, but the strip of land which the railroad company appropriates for its use, and upon which it builds its roadbed, is its right of way. The railroad company has been in possession of the strip of land in question for fifty years. It is a part of a great railroad system. Its right of way is perpetual. . . . It is the very remotest possibility imaginable that the appellee would ever abandon its right of way. The court concludes that its use of its right of way will be perpetual. It is therefore practically the owner of the land. If this strip of land was not occupied by the railroad company as a right of way, it would not be suggested that it was not subject to the special tax for street improvement. The purpose for which the lot is used cannot affect the question of its liability for the cost of street improvement. . . . 'Such assessments are made upon the assumption that a portion of the community are specially benefited by the improvement. The principle is that the territory is benefited, that it has a common interest, and that, governed by equitable rules, it must equally bear the burden.' "

The other cases cited above are in line with the holding of the court in *Figg* v. *Louisville, etc., R. Co.,* and give substantially the same reason for the conclusion reached.

The majority of the more recent decisions, however, hold that the liability of a railroad right of way to assessment for a street improvement depends on whether it is benefited by the improvement, it being liable in that case and not otherwise. *River Forest* v. *Chicago, etc.,*

R. Co., 197 Ill., 344, 64 N. E., 364; *Kankakee* v. *Illinois Cent. R. Co.,* 257 Ill., 298, 100 N. E., 996; *Lincoln* v. *Chicago, etc., R. Co.,* 262 Ill., 11, 104 N. E., 277; *Lincoln* v. *Chicago, etc., R. Co.,* 263 Ill., 114, 104 N. E., 1022; *Marion, etc., Traction Co.* v. *Simmons,* 180 Ind., 289, 102 N. E., 132; *Chicago, etc., R. Co.* v. *Hamilton County,* 171 Iowa, 741, 153 N. W., 110; *Chicago, etc., R. Co.* v. *Council Bluffs,* 176 Iowa, 247, 157 N. W., 947; *Atchison etc., R. Co.* v. *Peterson,* 5 Kan. App., 103, 48 P., 877, affirmed 58 Kan., 818, 51 P., 290;[1] *Gilsonite Const. Co.* v. *St. Louis, etc., R. Co.,* 240 Mo., 650, 144 S. W., 1086; *New York Bay R. Co.* v. *Newark,* 77 N. J. Law, 270, 72 A., 455; *New York Bay R. Co.* v. *Newark,* 82 N. J. Law, 591, 83 A., 962, reversing 80 N. J. Law, 146, 76 A., 327; *New York, etc., R. Co.* v. *Port Chester,* 149 App. Div., 893, 134 N. Y. S., 883, affirmed, 210 N. Y., 600, 104 N. E., 1135; *Forest* v. *Atlantic Coast Line R. Co.,* 159 N. C., 547, 75 S. E., 796; *Northern Pacific R. Co.* v. *Richland County,* 28 N. D., 172, 148 N. W., 545, L. R. A., 1915A, 129, Ann. Cas., 1916E, 574; *Decatur* v. *Southern R. Co.,* 183 Ala., 531, 62 So., 855, 48 L. R. A. (N. S.), 231; *Bridgeport* v. *New York, etc., R. Co.,* 36 Conn., 255, 4 Am. Rep., 63; *New York, etc., R. Co.* v. *New Haven,* 42 Conn., 279, 19 Am. Rep., 534; *Detroit, etc., R. Co.* v. *Grand Rapids,* 106 Mich., 13, 63 N. W., 1007, 28 L. R. A., 793, 58 Am. St. Rep., 466; *Des Moines, etc., Levee Dist. No.* 1 v. *Chicago, etc., R. Co.,* 240 Mo., 614, 145 S. W., 35, 39 L. R. A. (N. S.) 543; *Chicago, etc., R. Co.* v. *Milwaukee,* 89 Wis., 506, 62 N. W., 417, 28 L. R. A., 249, and note.

---

[1] Reported in full in the Pacific Reporter; not reported in full in the Kansas Reports.

In 25 R. C. L., 117, section 34, it is said: "That property belonging to *quasi*-public corporations, such as railway and other transportation companies, is controlled by substantially the same rules governing other cases of assessments for local improvements, and railroad property, other than the roadbed or right of way, as been held liable in almost every instance wherever it has been benefited by the local improvement. As to whether a railway roadbed or right of way may properly be assessed for local improvements, the courts are not in harmony. Numerous cases deny the right to levy an assessment on such property, but while some of these base their holding entirely on the nature of the property, and in others a distinction is drawn between cases where the land is owned in fee by the railroad and those in which it has merely an easement, the question in most of them seems to have been one of fact, or the decision was based on the wording of a particular statute, and the more generally accepted view at the present time is that in the absence of statute to the contrary a railway roadbed or right of way is subject to assessment for local improvements when benefited thereby, and is not liable in the absence of such benefit."

This court held in *Southern R. Co.* v. *F. A. Vann et ux.*, 142 Tenn., 76, 216 S. W., 727, that a deed by the owner of the fee to a railroad company for a right of way for railroad purposes conveys only an easement in the property.

It is undisputed in the instant cause that the defendant's right of way is used exclusively for its tracks and the passage of its trains. Just how it could be benefited, or its value enhanced, by the improvement of the streets, on which said right of way abuts, it is difficult to see. The

use to which said right of way is put by defendant can be enjoyed just as well and fully without said streets being improved as with their improvement. We are wholly unable to see that any benefits whatever accrued to defendant's right of way from the improvement of said streets; in fact, the undisputed proof shows that it has not been benefited in any way whatever.

The basic principle, authorizing assessments for local improvements, is that the property against which the assessment is levied has been benefited. This principle is very clearly announced in *Arnold* v. *City of Knoxville*, 115 Tenn., 195, 90 S. W., 469, 3 L. R. A. (N. S.), 837, 5 Ann. Cas., 881.

We are of the opinion therefore that complainant was not entitled to a decree against defendant for that portion of the cost of the improvement assessed against the several parcels of its right of way, and was not entitled to have a lien declared against any portion of defendant's right of way for such assessment.

The special chancellor's decree therefore will be reversed, and complainant's bill is dismissed with costs.